85 So.2d 140 (1955)
Armen POLADIAN and A.P. Construction Co., Appellants,
v.
Elsa JOHNSON and Border City Land Company, Appellees.
Supreme Court of Florida. En Banc.
December 20, 1955.
Rehearing Denied February 20, 1956.
Yonge, Whiteside & Prunty and William W. Charles, Miami, for appellants.
Field & Spence, Miami, for appellees.
TERRELL, Justice.
This controversy stems from a claim of Armen Poladian to certain lands in Dade County based on an unrecorded agreement for deed with the owner, Elsa Johnson, dated February 20, 1951, said agreement having been supplemented by a second agreement dated December 12, 1951. On the theory that Poladian had not complied with the terms of his agreement, Johnson gave notice and proceeded to cancel the agreement. None of the proceedings were placed of record as required by law. Johnson then entered into an agreement with Border City Land Company for sale of the lands in question, thinking that Poladian's claim was to all intents and purposes cancelled.
Prior to date set for closing the latter agreement, Poladian placed a "wild deed" of record and shortly thereafter filed suit *141 in equity for declaratory decree seeking adjudication of the rights of the parties to the controversy. A "wild deed" is one executed by a stranger to the record title "hung out in air like Mahomet's coffin." Hart v. Gardner, 81 Miss. 650, 33 So. 442, 497. At final hearing after answer, the chancellor entered a final decree dismissing the complaint. Poladian has appealed from the final decree.
The effect of the final decree was to hold that Border City Land Company acquired title to the property involved in good faith, for a valuable consideration and without knowledge or notice, actual or constructive, of the claim of plaintiffs, or any of them, under agreement of December 12, 1951, between Johnson and Poladian. The cause as to Johnson was dismissed without prejudice as to any right of action Poladian might have against her.
Appellants contend that the ruling of the chancellor should be reversed because appellees were on implied notice of appellants' claim, account of the following factors: (1) warranty deed from Poladian to A.P. Construction Co. recorded eight days prior to the deed on which Border City Land Company relies; (2) the lands were made into Armen Subdivision which was named for Armen Poladian and plat thereof filed of record long prior to any claim of Border City Land Company; (3) Armen Poladian posted a bond with the county to secure installation of streets and water, part of which was accomplished at the time Border City Land Company acquired title; (4) A.P. Construction Co. paid taxes on the land which was assessed in the name of said plaintiff; (5) Armen Poladian lived in a home in Armen Subdivision which consisted of five blocks, on which Armen Poladian constructed most of the buildings; (6) Johnson attempted a sale of the lands prior to her attempt to cancel Armen Poladian's contract.
It is contended by appellants that these facts were sufficient to put a prudent purchaser on such inquiry as would lead to Armen Poladian's interest in the land. Sapp v. Warner, 105 Fla. 245, 141 So. 124, 143 So. 648, 144 So. 481; First Federal Savings & Loan Association of Miami v. Fisher, Fla. 1952, 60 So.2d 496; Redstone v. Redstone Lumber & Supply Co., 101 Fla. 226, 133 So. 882; Farish v. Smoot, Fla. 1952, 58 So.2d 534, and other cases are relied on to support this contention. We have examined these cases and they deal with questions so remote and unlike that we are confronted with here, that we do not think they can be said to rule the case at bar.
Appellants rely heavily on the recordation of the "wild deed" as notice to appellees but we do not think the fact avails them anything. 2 Merrill on Notice, page 558, holds that the record of such an instrument is not notice to subsequent purchasers. Poladian nor his grantee in the "wild deed" was in possession of the lots. In fact, it would hardly be reasonable to contend that one purchasing vacant lots, as was the case here, would be required to canvass the neighborhood to ascertain the claims of others. It is common knowledge that lines or posts marking subdivision and streets are oftimes soon covered up or obliterated and then one investigating claims against proposed purchases of land is expected to exhaust the record and nothing more unless it puts him on notice of other muniments of title.
From this it follows that the decree appealed from must be and is hereby affirmed.
Affirmed.
THOMAS, THORNAL and ROBERTS, JJ., and ALLEN, Associate Justice, concur.
DREW, C.J., and HOBSON, J., dissent.
DREW, Chief Justice (dissenting).
Because of my view that the factors set forth in the fourth paragraph of the opinion by Mr. Justice Terrell were sufficient to put the purchaser on inquiry, I must respectfully dissent from the judgment of affirmance. With all the red flags flying, *142 any prudent purchaser would have looked into the matter and, had he done so, he would have learned of the interest of Poladian.
HOBSON, J., concurs.