236 So.2d 114 (1970)
E.E. MARSHALL, As Administrator De Bonis Non of the Estate of Mathew A. Marshall, Deceased, Petitioner,
v.
HOLLYWOOD, INC., a Florida Corporation, et al., Respondents.
No. 38889.
Supreme Court of Florida.
May 13, 1970.
Rehearing Denied June 30, 1970.
Garland M. Budd and Lewis Moore, Miami, for appellant.
Sherwood Spencer, of Ellis Spencer & Butler, and Beckerman & Beckerman, Hollywood, for appellees Hollywood, Inc., Sherwood Investment Co., Frances E. Kane and Joanna Kane, his wife, and Alvin Kohn, a single man.
Donald J. Lunny, of Sutton, James, Bielejeski & Lunny, Fort Lauderdale, for appellees Joseph DiBari; J. Petruzelli and Vera Petruzelli, his wife, G. DeChiaro and Mary DeChiaro, his wife, Mildred Garber and H.N. Garber, Lester Lehn, Simon Garzina and Amelia Garzina, Raymond Mohr and Alberta Mohr, Ralph E. Luebbers and Viola L. Luebbers, Robert G. Sabella and Lorraine T. Sabella.
A.C. Paoli, of Paoli & Paoli, Hollywood, for appellees W.W. Bradley and Gaynelle Bradley Leggett, James Damoto and Mrs. James Damoto, A.J. DeStefan and Wilhelmina DeStefan, his wife, Walter Farrar and Mrs. Walter Farrar, his wife, E.H. Foster and Irma Foster, his wife, C. Napoli and Theresa Napoli, his wife, Robert M. McKee and Ruth M. Amadon, sole heirs at law of F.B. McKee and Mrs. F.B. McKee, his wife.
Herbert L. Nadeau, of Shutts & Bowen, Miami, for appellee W. Douglas Hall.
Leonard Romanik of Landefeld & Romanik, Hollywood, for appellees F.C. Brodbeck and Bernice Brodbeck, his wife, M. Constantinou and Anna Constantinou, his wife, H.A. Friedman and Lena L. Friedman, *115 his wife, G.H. Hamilton and Mrs. G.H. Hamilton, his wife, J. Houting and Mildred Houting, his wife, Addie G. Izzo, Frank R. Wheaton and Helen M. Wheaton, his wife, Arthur W. Kellner and Charlotte M. Kellner, his wife, C.H. Landefeld, Jr., Dorothy D. Landefeld, J.J. McDevitt and Lillian M. McDevitt, his wife, E. Mabelle Otten, Robert Pentland, Jr., and Mrs. Robert Pentland, Jr., his wife, Jack Siegel and Mrs. Jack Siegel, his wife, Albert J. Tarrson and Mrs. Albert J. Tarrson, his wife, L. Walker and Alberta Walker, his wife.
William R. Dawes, of Dawes & Lummus, Miami, for appellee Grace Woods Asbury, a widow.
William F. Leonard of Coleman, Leonard, Morrison & Riddle, Fort Lauderdale, for appellees Mary Borduk, E. Cruz and Lidia Cruz, his wife, Joseph T. McHale and Catherine McHale, his wife, Ernest H. Wood and Carolyn M. Wood, his wife, and Eleanor Herboth.
Richard H. Cobourn, Hollywood, for appellees S.L. Devier and Fredericka Devier.
Leon A. Epstein, Miami Beach, for appellees Edward N. Birk and LaSalle National Bank, as co-executors of Estate of William J. Birk and Lillian Birk.
Edmund S. Pendzisz, Miami, for appellees Luigi DeMaio and Mrs. Luigi DeMaio, his wife.
Charles E. Booth of Booth & Booth, Daytona Beach, for appellee Helena Tennant.
Elliott B. Barnett and Michael H. Gora of Ruden, Barnett, McClosky & Schuster, Fort Lauderdale, for appellees Margaret T. Hynes and her successors in interest including Margaret M. Maguire, Edward J. Hynes and Walter F. Hynes, John Darco and Annette Darco, his wife.
E.T. Hunter, Hollywood, for appellee City of Hollywood.
Ronald P. Anselmo, of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees Damaris H. Carney, Marjorie H. Bosley and Virginia Ruff.
John H. Lewis, Hollywood, for appellee Estate of Susan D. Kater.
Robert C. Scott, of Cabot, Scott, Wenkstern & Casteel, Fort Lauderdale, for appellees M.N. Diener and Rae B. Diener, his wife, Joseph Gassib and Marion Gassib, his wife, Thomas Devanis and Ghidotti Devanis, his wife, Ted Devanis, Jr., a single man, Joseph T. McHale and Mrs. Joseph T. McHale, his wife.
Francis K. Buckley of Buckley & Bland, Fort Lauderdale, for appellees Helen Anna O'Toole and Carol O'Toole, Catherine Benci, R. Popp, also known as Russell LeRoy Popp, Catherine Popp, Gerald B. Bauman, as conservator of the Estate of Helen S. Leith, Incompetent, Gertrude K. Johnson and Emma Anderson, Catholic Society of Religious and Literary Education.
Raymond E. Thompson, Hollywood, for appellees Raymond A. Wilcox, also known as R.A. Wilcox, and Katinka Ozee, as co-executors of the Estate of Eila Jo Stollberg Wilcox, Deceased, R.A. Wilcox, also known as Raymond A. Wilcox, a single man, individually, Katinka Ozee, formerly Katinka Stollberg, individually, J.V. Smith and Dovie Smith, his wife, and J.L. Smith and Isobel Smith, his wife.
Robert E. Dubow of Walden & Dubow, Dania, for appellees Mendel R. Harris and Malvina Babes.
Paul Game, Tampa, Parks M. Carmichael, Gainesville, and David P. Catsman, Miami, for The Florida Bar amici curiae.
CARLTON, Justice.
We now review an application of the Marketable Record Titles to Real Property Act, Chapter 712, Florida Statutes. The District Court of Appeal, Fourth District, has certified that its decision in this cause, reported at 224 So.2d 743, is one which passes upon a question of great public interest. The District Court held, in effect, *116 that the Act confers marketability to a chain of title arising out of a forged or a wild deed, so long as the strict requirements of the Act are met. We affirm this decision.
The complex facts involved in this case have been presented extensively and with clarity in the opinion of the District Court. We will only briefly summarize these facts. In 1912 Mathew Marshall and Carl Weidling owned a large tract of land in South Florida. In 1913 they organized and incorporated the Atlantic Beach Company. They transferred their property interests in the large tract to the Company, and in return they received two-thirds and one-third, respectively, of the Company's total authorized and issued stock, in direct proportion to their initial ownership interests in the tract. Marshall and Weidling were the sole officers of the Company and they alone participated in its stock.
Mr. Marshall died in December 1923, leaving Louise Marshall as his widow and sole surviving heir. Mrs. Marshall was totally unaware of her husband's interests in the Company, and within a month after his passing, she left the State without ever returning. After her departure, a man named Frank M. Terry, apparently aided and abetted by certain associates, set into motion a clever scheme calculated to defraud the Marshall estate of all interests in the Company and its property. Although there is some question as to exactly who played what part in this scheme, for purposes of this opinion we shall ascribe all responsibility to Mr. Terry.
Within a few days after Mrs. Marshall's departure, Terry forged her name to an Application for Letters of Administration concerning Mathew Marshall's estate. Letters were subsequently issued by the County Judge, Dade County, to Mrs. Marshall and Terry received them. About this same time, Terry wrote up certain "Minutes of Dissolution of Atlantic Beach Company" and he also prepared a deed conveying all of the Company's property to himself and others residing out of the State, who were alleged in the spurious Minutes to be the remaining stockholders of the Company. Thereafter, these Minutes were purportedly acknowledged, and the deed conveying all of the Company's property was executed by those who were alleged to be the stockholders.
Next, Terry prepared a petition seeking an Order dissolving the Company which was then filed in Circuit Court, Broward County, along with the Minutes of Dissolution. The Court granted the petition since it appeared in order, and a decree dissolving the Company was entered in February 1924. The day before this petition was filed, Terry and the other grantees under the deed from the Company joined in executing a deed conveying the tract to Hollywood Realty Company, a Florida corporation. This deed was recorded in April 1924. In August 1924 Hollywood Realty in turn executed a deed conveying this same property to Homeseekers Realty Company, which was recorded August 22, 1924.
All of the foregoing transactions are alleged by petitioner to have been part of a scheme to defraud the Mathew Marshall estate. The record is silent as to why Carl Weidling, initially owner of a one-third undivided interest in the tract, and subsequently holder of one-third of the Atlantic Beach Company stock, never raised any objections or questions. Mr. Weidling died in 1963; his interests are not represented in this suit. Mrs. Marshall died in 1945 without ever having learned of her husband's interests in the Company. The Company itself was never legally dissolved until September 14, 1936, when it was dissolved by proclamation of the Governor on account of failure to pay capital stock tax.
Homeseekers Realty Company disposed of approximately one-third of the initial Atlantic Beach Company tract through sales before it lost its control over the remainder *117 by forced sheriff's sale in 1929. In that year, the Highway Construction Company of Ohio, Inc., obtained a judgment against Homeseekers and caused the sale at which Highway purchased the remaining unsold two-thirds of the initial tract. A sheriff's deed evidencing the judgment sale was recorded December 30, 1930. Highway Construction Company then conveyed its interests in the tract to respondent Hollywood, Inc., and this deed was recorded on February 21, 1931.
Respondent Hollywood, Inc., still retains title to the two-thirds of the original Atlantic Beach tract which was conveyed to it as a result of the forced sheriff's sale. The other respondents are those numerous persons, or their successors, who derived title to parcels on the one-third portion of the original tract from Homeseekers Realty prior to the 1929 judgment sale. Diagrammed, the chain of title to the property involved in this suit, insofar as it is relevant to the issues involved here, looks like this:

It was not until November 1966, that petitioner, a brother of Mathew Marshall, uncovered Terry's actions. Petitioner obtained appointment as Administrator of the Marshall estate, and subsequently, in his capacity as Administrator, he filed his initial *118 complaint on July 13, 1967. An amended complaint was filed on April 5, 1968.[1] The amended complaint sought a decree establishing the equitable interest of petitioner in the tract initially belonging to the Atlantic Beach Company, confirmation of the ownership of Atlantic Beach stock by petitioner, and also the appointment of a trustee for the Company who could convey legal title to the interest in the original tract to the heirs of Marshall.
Upon respondents' motion, the amended complaint was dismissed by final judgment with prejudice. The order of dismissal stated that petitioner's amended complaint failed to state a cause of action because the estate's claims were barred by operation of the Marketable Record Title Act, Ch. 712, F.S. The dismissal was appealed to the District Court. The issue framed on appeal was whether or not the Act applied to the claim of title asserted in petitioner's amended complaint in a manner which would extinguish the claim.
The arguments raised by the litigants before the District Court were similar to the arguments presented here. Petitioner asserted that dismissal by the Circuit Court was an error because: (1) the Legislature did not intend that such claims be barred by the Act; (2) the Act preserves case law which is inconsistent with dismissal; (3) the language of the Act does not support dismissal; (4) though the Act calls for a liberal construction, such construction cannot supersede restraints imposed by the Act itself.
Respondents contended that dismissal was proper because: (1) it comports with the Legislative intent behind the Act; (2) the Act goes beyond previous statute of limitations, curative acts, and recording acts, and, therefore, case law arising out of these prior enactments is not necessarily pertinent; (3) the language of the Act requires dismissal; (4) petitioner does not qualify under any of the exceptions provided for by the Act; (5) the Act would be totally deprived of meaning if dismissal were not granted.
The Florida Bar has been active in this case, both here and in the District Court, as amicus curiae because the Act was submitted to the Legislature by the Bar's Real Property, Probate and Trust Law Section, and this case represents its first reported construction. The Bar's position is that petitioner's interpretation of the Act and its effect is clearly erroneous. The Bar also presented arguments here and below regarding the constitutionality of the Act. However, we join with the District Court in declining to consider such arguments because the constitutionality of the Act was not framed as an issue in petitioner's amended complaint, which is the only complaint now before us. For purposes of disposing with this litigation, we will act on the assumption that the Act is constitutional.
The arguments which we have enumerated have been thoroughly explored and correctly analyzed by Judge Reed in the lucid and cogent opinion affirming the Circuit Court dismissal which he prepared for the District Court below. There is little we could add to his opinion and, therefore, we will limit ourselves to the following remarks. The most persuasive argument of petitioner is that the Marketable Record Title Act preserves case law which is inconsistent with dismissal of petitioner's amended complaint. F.S. § 712.07, F.S.A. states:
"Nothing contained in this Act shall be construed to extend the period for the bringing of an action or for the doing of any other act required under any statute of limitations or to affect the operation of any statute governing the effect of the recording or the failure to record any *119 instrument affecting land. This law shall not vitiate any curative act."
Petitioner asserts that by preserving the operation of statutes of limitations, and curative and recording acts, the Legislature intended that the Act must be construed in a manner consistent with these previous enactments and all case law interpreting them. In cases dealing with wild or forged deeds under these various acts, it has consistently been held, according to petitioner, that such deeds are void and of no effect even though they may have been recorded. As examples, petitioner cites Reed v. Fain, 145 So.2d 858 (Fla. 1961, rev'd on rehearing, 1962); Poladian v. Johnson, 85 So.2d 140 (Fla. 1955); and Wright v. Blocker, 144 Fla. 428, 198 So. 88 (1940). Therefore petitioner suggests that the Act cannot bar a complaint which demonstrates that the chain of title involved in a cause initiated out of a forgery or a wild deed, even though the forgery or the wild deed came into being more than thirty years before marketability was being determined.
The answer to this argument is simply that the Act in question goes beyond previous enactments and is in a category of its own. We quote with approval the following commentary. Boyer & Shapo, Florida's Marketable Title Act: Prospects and Problems, 18 U.Miami L.Rev. 103, 104:
"The Marketable title concept is simple, although it has fathered many variations in draftsmanship. The idea is to extinguish all claims of a given age (thirty years in the Florida Statute) which conflict with a record chain of title which is at least that old. The act performs this task by combining several features, which generally, are singly labeled as `statutes of limitations,' `curative acts,' and `recording acts.'
"The new act is in fact all of these: It declares a marketable title on a recorded chain of title which is more than thirty years old, and it nullifies all interests which are older than the root of title. This nullification is subject to a group of exceptions  including interests which have been filed for record in a prescribed manner.
"The act is also more: It goes beyond the conventional statute of limitations because it runs against persons under disability. It is broader than the kind of legislation generally described as a curative act, because it actually invalidates interests instead of simply `curing' formal defects. It also differs from a recording act by requiring a re-recording of outstanding interests in order to preserve them."
Also, Catsman, The Marketable Record Title Act and Uniform Title Standards, III Florida Real Property Practice (1965), § 6.2:
"The chief purpose of the act is to extinguish stale claims and ancient defects against the title to real property, and, accordingly, limit the period of search. The act is different from a statute of limitations. In a statute of limitations a claim of a vested, present interest is cut off because of the claimant's failure to sue. If suit is not filed, the claim is lost. By the Marketable Record Title Act, any claim or interest, vested or contingent, present or future, is cut off unless the claimant preserves his claim by filing a notice within a 30-year period. See § 6.5. If a notice is not filed, the claim is lost. The act also goes beyond a curative act. Curative legislation only corrects certain minor or technical defects through the passage of time, whereas under the Marketable Record Title Act, most defects or clouds on title beyond the period of 30 years are removed and the purchaser is made secure in his transaction."
In view of the special nature of this Act and its special purpose, the assertion that its construction and application must be bound by precedents relating to less comprehensive acts does not make good sense and cannot make good law. The clear Legislative *120 intention behind the Act, as expressed in F.S. § 712.10, F.S.A., was to simplify and facilitate land title transactions by allowing persons to rely on a record title as described by F.S. § 712.02, F.S.A., subject only to such limitations as appear in F.S. § 712.03, F.S.A. To accept petitioner's arguments would be to disembowel the Act through a case dealing with a factual situation of a nature precisely contemplated and remedied by the Act itself. This we cannot do.
In summary, although the Atlantic Beach Company/Terry deed initiating the chain of title involved here was forged, this deed formed but one link in the chain coming before the effective roots of title in this case as defined by the Act, i.e., transactions with either The Highway Construction Company or the Homeseekers Realty Company as grantors. Claims arising out of transactions, whether based upon forgeries or not, predating the effective roots of title are extinguished by operation of the Act unless claimants can come in under any of the specified exceptions to the Act. In this case, petitioner fails to qualify under any of the exceptions to the Act, and, therefore, petitioner's claims are barred.
The certified question involved in this cause was, in effect, whether the Marketable Record Titles to Real Property Act, Ch. 712, F.S. confers marketability to a chain of title arising out of a forged or wild deed, so long as the strict requirements of the Act are met. This question is answered in the affirmative.
The decision of the appellate court here reviewed having properly affirmed the decree of the lower court, the writ heretofore issued in this cause should be and it is hereby discharged.
It is so ordered.
ERVIN, C.J., ROBERTS, DREW, ADKINS and BOYD, JJ., and VANN, Circuit Judge, concur.
NOTES
[1] One object of the amendment of the complaint was to dismiss from the suit those respondents who had improved their portion of the original tract. Respondents here hold unimproved portions of the original tract.