706 So.2d 327 (1998)
H & F LAND, INC., Appellant,
v.
PANAMA CITY-BAY COUNTY AIRPORT AND INDUSTRIAL DISTRICT, Appellee.
No. 97-1546.
District Court of Appeal of Florida, First District.
January 12, 1998.
Rowlett W. Bryant and Cecilia Redding Boyd of Bryant & Higby; Thomas Sale, Jr., Panama City, for Appellant.
Richard Smoak, Panama City, for Appellee.
PER CURIAM.
The issue raised in this appeal of a final summary judgment is whether the Marketable Record Title Act (hereafter, MRTA), Chapter 712, Florida Statutes, operates to extinguish an otherwise valid claim of an easement of necessity, when such a claim has not been asserted within 30 years, as required by MRTA. We affirm the trial court's ruling that it does extinguish the claim.
Appellant, owner of a land-locked estate, argues that MRTA has to be read in pari materia with section 704.01(1), the codification of the common law way of necessity. Based on such reading, it argues that its claim in the instant case is not barred by MRTA even though some 50 years have passed since both the dominant estate and the servient estate, which is now a public airport, were devised by a common grantor. Appellant concedes that no notice of a claim to an easement or common law way of necessity has ever been filed. Also, no such claim was asserted by use.
While recognizing the fundamental principle that a landowner has a right to access his land, see Roy v. Euro-Holland Vastgoed, 404 *328 So.2d 410 (Fla. 4th DCA 1981), we nevertheless cannot agree with appellant that its claim is to be treated differently than any other claim of an interest in land which does not fall within one of the enumerated exceptions to MRTA, see section 712.03; and which has not been timely asserted under MRTA. In fact, MRTA appears to have been written to prevent exactly what appellant attempts in the instant case. MRTA is, after all, "designed to simplify conveyances of real property, stabilize titles, and give certainty to land ownership." City of Miami v. St. Joe Paper Co., 364 So.2d 439, 444 (Fla.1978). If a party asserting an interest in land fails to provide the proper notice, "he has only himself to blame." Id. at 442. Noted the supreme court, "[T]he legislature did not intend to arbitrarily wipe out old claims and interests without affording a means of preserving them and giving a reasonable period of time within which to take the necessary steps to accomplish that purpose." Id.
The policies underlying MRTA appear to here be in conflict with the public policy that "lands should not be rendered unfit for occupancy or cultivation," which underlies section 704.01(1). See Roy v. Euro-Holland Vastgoed, supra, 404 So.2d at 412. Accordingly, we certify the following question as one of great public importance:
DOES THE MARKETABLE RECORD TITLE ACT, CHAPTER 712, FLORIDA STATUTES, OPERATE TO EXTINGUISH AN OTHERWISE VALID CLAIM OF A COMMON LAW WAY OF NECESSITY WHEN SUCH CLAIM WAS NOT ASSERTED WITHIN 30 YEARS?
The final summary judgment is AFFIRMED.
BOOTH and WOLF, JJ., and CARITHERS, Associate Judge, concur.