#26583-a-GAS
**2013 S.D. 86**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA
* * * *

DALE E. SPRINGER, DOROTHY
M. SPRINGER, ROGER A. SPRINGER
and DANIEL L. SPRINGER,                    Plaintiffs and Appellants,

     v.

ANDY CAHOY,                                Defendant and Appellee,

     and

DONALD L. MCCLUNG, as Trustee of the
Donald L. McClung Trust, LEONARD M.
MCCLUNG, as Trustee of the Leonard M.
McClung Trust and ALL OTHER PERSONS
UNKNOWN CLAIMING ANY RIGHT, TITLE,
ESTATE, LIEN OR INTEREST IN THE
COMPLAINT ADVERSE TO PLAINTIFFS'
OWNERSHIP OR ANY CLOUD ON
PLAINTIFF'S TITLE,                         Defendants.

* * * *
APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CLARK COUNTY, SOUTH DAKOTA
* * * *
THE HONORABLE RONALD K. ROEHR
Judge
* * * *

GARY W. SCHUMACHER
Wilkinson & Wilkinson
DeSmet, South Dakota                       Attorneys for plaintiffs
                                           and appellants.


GORDON P. NIELSEN
DAVID A. GEYER of
Delaney, Nielsen & Sannes, PC
Sisseton, South Dakota                     Attorneys for defendant
                                           and appellee.

* * * *

CONSIDERED ON BRIEFS
ON AUGUST 27, 2013
OPINION FILED **12/04/13**

SEVERSON, Justice

[¶1.]        Dale Springer, Dorothy Springer, Roger Springer, and Daniel Springer (Springers) own a landlocked parcel of land and have brought suit claiming an implied easement over Andy Cahoy's land.  On June 24, 2011, the Third Circuit Court concluded that an easement implied from prior use existed.  We disagreed, *Springer v. Cahoy*, 2012 S.D. 32, ¶ 11, 814 N.W.2d 131, 135, holding that "Springers failed to present clear and convincing evidence of an easement implied from prior use." *Id.*  We reversed and remanded. *Id.*  On remand, Springers argued for a common law implied easement by necessity.  On November 26, 2012, the circuit court found the requirements for an implied easement by necessity were not met.  And even if the requirements were met, the circuit court found relief must be denied based on South Dakota's Marketable Title Act (SDMTA) and Springers having an adequate remedy at law.  We affirm the circuit court on the ground that SDMTA bars Springers' common law implied easement by necessity claim.

## Background

[¶2.]        Springers and Cahoy own adjacent forty-acre parcels of land in Clark County, South Dakota.  Lester Harrington owned these parcels in their unity as an eighty-acre parcel from 1947 to 1967.  On October 13, 1967, Harrington split the parcel into two by deeding the east forty acres to his son George Harrington and the west forty acres to his daughter Lylia McClung.  In 1989, George Harrington conveyed his east parcel to Marilyn Swanson, who subsequently conveyed the land to Springers on May 29, 2008.  In 2004, Lylia McClung conveyed her west parcel to

Donald and Leonard McClung, who subsequently conveyed the land to Cahoy on November 26, 2007.

[¶3.]	From 1967 until 2007, the two parcels were owned separately but rented by one person and operated as a unit. The land is primarily agricultural in nature, bordered by Game, Fish and Parks land to the north (currently underwater as a part of Swan Lake) and private land to the east and south. Cahoy's west parcel has access to a public road, while Springer's east parcel does not. As a result, starting in 2008, Springers crossed Cahoy's west parcel in order to access their land.

[¶4.]	There is no written document, either recorded or unrecorded, granting the east parcel an easement across the west parcel. Further, there were no established paths through Cahoy's property. In an attempt to stop Springers from crossing his property, Cahoy put up no trespassing signs in the spring of 2008. Then in 2009, Cahoy locked the gates that provided access to his west parcel, effectively blocking Springers from entry. Now barred from entry, Springers commenced a quiet title action on December 21, 2009, claiming an implied easement on Cahoy's parcel.

[¶5.]	First, Springers argued for an implied easement from prior use. The circuit court found that an easement implied from prior use existed but limited the use to agricultural ingress and egress during the spring and fall by seventy horsepower equipment or less using "flotation" tires. The easement route, proposed by Springers, meandered through Cahoy's land. Both parties appealed. We reversed the circuit court's decision on the dispositive issue of whether there was an easement implied from prior use. *Springer*, 2012 S.D. 32, ¶ 11, 814 N.W.2d at 135.

Because the circuit court "did not find that there was a historical use of Springer's proposed trail that was so continuous, obvious, and visible to make it an apparently permanent easement at the time of severance[,]" we held that "Springers failed to present clear and convincing evidence of an easement implied from prior use." *Id.* ¶¶ 10-11. We remanded the case to the circuit court. *Id.* ¶ 11.

[¶6.] On remand, Springers argued for a common law implied easement by necessity. The circuit court found three separate grounds that prevented Springers from being entitled to an implied easement by necessity: (1) the original grantor did not retain ownership of any land bordering the east parcel, thus the requirements for an implied easement by necessity were not met, (2) an adequate remedy at law barred equitable relief, and (3) SDMTA barred the action because the severance occurred in 1967, outside the Act's twenty-two year provision. Springers appeal.

## Standard of Review

[¶7.] We review the circuit court's conclusions of law under the de novo standard and findings of fact under the clearly erroneous standard. *Eagle Ridge Estates Homeowners Ass'n, v. Anderson*, 2013 S.D. 21, ¶¶ 12-13, 827 N.W.2d 859, 864-65 (citations omitted). A finding is clearly erroneous when, after reviewing the entire record, we are left with a "definite and firm conviction that a mistake has been committed. The credibility of the witnesses, the import to be accorded their testimony, and the weight of the evidence must be determined by the trial court, and we give due regard to the trial court's opportunity to observe the witnesses and examine the evidence." *Id.* (internal quotation marks and citations omitted).

## Analysis

[¶8.]      "The common law recognizes two types of implied easements: easements by necessity and easements implied from prior use." *Thompson v. E.I.G. Palace Mall, LLC*, 2003 S.D. 12, ¶ 11, 657 N.W.2d 300, 304.  Springers seek a common law implied easement by necessity after failing to obtain an easement implied from prior use.  An implied easement by necessity "can occur when a grantor conveys to another an inner portion of land surrounded by lands owned by the grantor or the grantor and others.  Unless a contrary intent is manifest, the landlocked grantee will be entitled to have a right-of-way across the retained land of the grantor for ingress and egress." *Id.*  The necessity for access over the grantor's land must have arisen at the time of severance, in addition to a present necessity. *Magnuson v. Cossette*, 707 N.W.2d 738, 746 (Minn. Ct. App. 2006); *Cobb v. Daugherty*, 693 S.E.2d 800, 808-09 (W. Va. 2010); *see Thompson*, 2003 S.D. 12, ¶ 13, 657 N.W.2d at 305.  *See generally* 25 Am. Jur. 2d *Easements and Licenses* § 35 (2013).

[¶9.]      In order to determine whether there was a necessity at the time of severance, the circuit court found that it must trace back to the date of the unitary parcel's severance.  The circuit court concluded that because it had to trace back more than twenty-two years to the land severance in 1967, any claim created by that severance would be barred by SDCL chapter 43-30, also known as South Dakota's Marketable Record Title Act (SDMTA).  We agree.

[¶10.]      ***South Dakota's Marketable Title Act***

[¶11.]     The South Dakota Legislature instituted SDMTA in 1947. Currently, SDCL chapter 43-30 encompasses SDMTA. The stated legislative purpose of SDMTA is to "simplif[y] and facilitat[e] land title transactions by allowing persons to deal with the record title owner[.]" SDCL 43-30-10. SDMTA furthers that purpose by "extinguish[ing] ancient title claims and defects[.]" *Tvedt v. Bork*, 414 N.W.2d 11, 13 (S.D. 1987). Collectively, SDMTA functions as a curative act, a recording act, and as a statute of limitations. *See Wichelman v. Messner*, 83 N.W.2d 800, 816 (Minn. 1957).

[¶12.]     When interpreting the statutory language of SDMTA, "we begin with the plain language and structure of the statute." *Magellan Pipeline Co., LP v. S.D. Dep't of Revenue & Regulation*, 2013 S.D. 68, ¶ 9, 837 N.W.2d 402, 404 (quoting *In re Pooled Advocate Trust*, 2012 S.D. 24, ¶ 32, 813 N.W.2d 130, 141). "When the language in a statute is clear, certain, and unambiguous, there is no reason for construction, and this Court's only function is to declare the meaning of the statute as clearly expressed." *Id.* (citation omitted).

[¶13.]     First, SDCL 43-30-1 specifies who is entitled to have marketable record title:

> Any person having the legal capacity to own land in this state, who has an unbroken chain of title to any interest in land by himself and his immediate or remote grantors for a period of twenty-two years or longer, and is in possession of such land, shall be deemed to have a marketable record title to such interest, . . . .

Springers have not disputed Cahoy's chain of title or his possession of the west parcel. Also, Springer's have not raised Cahoy's chain of title or possession as an issue. Therefore, Cahoy's marketable record title of the west parcel is not disputed.

[¶14.] Then, SDCL 43-30-3 limits the interests, claims, or charges that may be brought against that marketable record title:

> Such marketable title shall be held by such person and shall be taken by his successors in interest free and clear of all interest, claims, and charges whatever, the existence of which depends in whole or in part upon any act, transaction, event, or omission that occurred twenty-two years or more prior thereto, whether such claim or charge be evidenced by a recorded instrument or otherwise, and all such interest, claims, and charges affecting such interest in real property shall be barred and not enforceable at law or equity, unless any person making such claim or asserting such interest or charge shall, on or before twenty-three years from the date of recording of deed of conveyance under which title is claimed, or on or before July 1, 1958, whichever event is the latest in point of time, file for record a notice in writing, duly verified by oath, setting forth the nature of his claim, interest, or charge; and no disability nor lack of knowledge of any kind on the part of anyone shall operate to extend his time for filing such claim after the expiration of twenty-three years from the recording of such deed of conveyance or one year after July 1, 1957, whichever event is the latest in point of time.

[¶15.] In this case, Lester Harrington severed his parcel of land into two separate parcels in 1967. The severance left the east parcel without an access to a public right of way. Springers, with no public access, eventually claimed a common law implied easement by necessity over Cahoy's west parcel.[1] Springers' initiated their claim in 2009. But their claim's existence depends on an act that occurred in

---

1. Springer's claim of an implied easement by necessity is within the expansive definition of the "claims barred" by SDMTA stated in SDCL 43-30-11:

   > The claims hereby barred shall mean any and all interests of any nature whatever, however denominated, whether such claims are asserted by a person sui juris or under disability, whether such person is, or has been within or without the state, and whether such person is natural or corporate or private or governmental.

1967—the severance and conveyance of land that created the alleged necessity. Forty-two years separate the act in 1967 that created the alleged necessity and Springers' claim in 2009. According to SDCL 43-30-3, marketable record title is free from claims that exist upon any act that occurred twenty-two or more years prior to the claim against marketable record title. Consequently, Cahoy's marketable record title in the west parcel is free from Springers' common law implied easement by necessity claim.

[¶16.] Springers argue that their claim is not barred because their transactions that acquired the east parcel occurred within twenty-two years. But their argument misinterprets and misapplies SDMTA. SDMTA applies to any claim based in "*whole or in part upon any act . . .* that occurred twenty-two years or more prior thereto[.]" SDCL 43-30-3 (emphasis added). Because Springers' claim depends upon the initial severance and conveyance that occurred in 1967, which is outside of the twenty-two years provision, SDMTA bars their claim.

[¶17.] SDMTA also functions as a recording act in that it provides a method by which an owner may preserve their claim or interest. SDCL 43-30-3 preserves a claim or interest if notice is recorded "on or before twenty-three years from the date of recording of deed of conveyance under which title is claimed[.]" In this case, Springers claim title under a common law theory of implied easement by necessity. The 1967 warranty deed that created the landlocked parcel created the claimed necessity. Therefore, the 1967 warranty deed is the "deed of conveyance under which title is claimed." *See* SDCL 43-30-3. The 1967 warranty deed's "date of recording" is February 26, 1975. *See id.* So, Springers or their predecessors were

required to record a notice in writing setting forth the nature of their claim on or before twenty-three years from February 26, 1975. Springers, however, have provided no evidence of a recorded notice satisfying those requirements. The notice provision of SDCL 43-30-3, therefore, did not preserve Springers' claim.

[¶18.] The Florida Supreme Court faced a similar issue in *H & F Land, Inc. v. Panama City-Bay Cnty. Airport & Indus. Dist.*, 736 So. 2d 1167 (Fla. 1999). There, a conveyance in 1940 caused a small piece of land to become both water- and landlocked. In 1992, H & F acquired the small piece of land. In 1996, H & F filed a lawsuit asserting a common law way of necessity. Fifty-six years separated the creation of the way of necessity in 1940 and the lawsuit in 1996. The Florida Supreme Court stated Florida's Marketable Record Title to Real Property Act (FLMTA) functions much like a statute of limitations requiring "stale demands to be asserted within a reasonable time after a cause of action accrued." *Id.* at 1176 (citation omitted). In other words, a claimant of an easement or their predecessors had to file a claim for a common law easement of necessity within the prescribed period in order to preserve the easement from extinguishing under FLMTA. *Id.* The Florida Court found that no easement was recorded, so FLMTA extinguished H & F's claim of a common-law way of necessity. *Id.*

[¶19.] We agree with the Florida Court, in that SDMTA also functions much like a statute of limitations requiring stale demands to be asserted within an SDMTA-defined period. In this case, like in *H & F Land*, no easement or claim was filed for notice within SDMTA's statutory period. Therefore, SDMTA effectively

extinguished Springers' claim of a common law implied easement by necessity.[2] *See* 3 Patton & Palomar on Land Titles § 563 (2013) (stating Marketable Record Title Acts may extinguish common law ways of necessity); *Larson v. Hammonasset Fishing Ass'n., Inc.*, 1996 WL 156014, at *3 (Conn. Super. Ct. 1996) (stating that the Marketable Record Title Act would have extinguished the plaintiffs' right of way because the plaintiffs and their predecessors had failed to file a notice pursuant to the provisions of the Act), *aff'd*, 688 A.2d 373 (Conn. App. Ct. 1997).

## Conclusion

[¶20.] We hold that SDMTA bars Springers' claim of a common law implied easement by necessity because it depends in whole or in part upon the initial severance of the land that occurred twenty-two years or more prior to Springers' claim on Cahoy's marketable title. Also, Springers or their predecessors in interest did not preserve their claim by recording it within SDMTA's statutory period. Accordingly, we affirm the circuit court on the ground that SDMTA bars Springers' action. Because this holding disposes of the ultimate issue of whether Springer's are entitled to an implied easement by necessity, we need not address the other issues.

[¶21.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and WILBUR, Justices, concur.

---

2. The record shows that Springers did not seek a remedy under SDCL chapter 31-22, which provides a right to access from an isolated tract to a highway. Since the issue has not been raised, we do not address the potential applicability of this remedy. *See Blanton v. City of Pinellas Park*, 887 So. 2d 1224 (Fla. 2004) (holding that FLMTA does not apply to extinguish a valid claim to a statutory way of necessity).