854 So.2d 729 (2003)
Henry H. BLANTON, as Trustee for Caroline Investments, Inc. Profit Sharing Plan, Appellant,
v.
CITY OF PINELLAS PARK, Florida; Yale Mosk & Co.; and Yale Mosk, an individual, Appellees.
No. 2D02-1307.
District Court of Appeal of Florida, Second District.
August 22, 2003.
*730 Steven L. Brannock and Sarah C. Weinzierl of Holland & Knight LLP, Tampa, for Appellant.
Edward D. Foreman of Law Offices of Edward D. Foreman, P.A., St. Petersburg, for Appellee City of Pinellas Park, Florida.
James A. Helinger, Jr., of James A. Helinger, Jr., P.A., Clearwater, and Amy S. Farrior and Raymond T. Elligett, Jr., of Schropp, Buell & Elligett, P.A., Tampa, for Appellees Yale Mosk & Co. and Yale Mosk, individually.
SALCINES, Judge.
Henry H. Blanton, in his capacity as trustee of a profit-sharing plan, timely appeals a final order dismissing his second amended complaint with prejudice. We affirm but write in order to certify a question of great public importance.
On December 28, 1910, Pinellas Groves, Inc., conveyed a ten-acre parcel to Blanton's predecessor in title. The sale landlocked the property. After the conveyance, the only reasonable and practical access to the landlocked property was through Pinellas Groves' land. Blanton purchased the landlocked ten acres in 1975.[1]
In 1997, Blanton filed suit against the then-current owners of Pinellas Groves' land, Yale Mosk and Co. ("Mosk"), against Yale Mosk individually, and against the City of Pinellas Park to force them to allow access to his land. Blanton based his right to access his property through Mosk's property on two theories.
Under one theory, Blanton claimed entitlement to access his property through Mosk's property as a third-party beneficiary to an annexation agreement between the City and Mosk, and a subsequent replat requested by Mosk and approved by the City. Both the annexation agreement and the replat reserved an access easement for City purposes on Mosk's property.
Under the other theory, Blanton claimed entitlement to a statutory way of necessity pursuant to section 704.01(2), Florida Statutes (1997), so long as he paid a reasonable fee for his use of Mosk's property. The complaint alleged that Blanton had to cross Mosk's property to access the nearest practicable road and that the replat *731 had effectively eliminated the historical means of access from his property to the public road.[2] It also alleged that Mosk had conveyed interests to certain lots surrounding the property, and in the warranty deeds reflecting those conveyances, Mosk had prohibited the grantees from allowing ingress or egress to Blanton's property without first obtaining the consent of Yale Mosk or his heirs. Blanton alleged that he had attempted to negotiate access with Mosk, but Mosk had demanded in excess of 1.15 million dollars for access over the strip of land which, in 1997, had an assessed value, for property tax purposes, of $18,100.
The trial court found that the annexation agreement and the subsequent replat did not give Blanton third-party beneficiary status and the right to enforce the provisions of the annexation agreement or the replat. The trial court also found that Blanton's claim for a statutory way of necessity was barred by Florida's Marketable Record Title to Real Property Act, chapter 712, Florida Statutes, because the right was not timely asserted.
We affirm the trial court's finding concerning Blanton's third-party beneficiary status without discussion. We also affirm the trial court's finding that Blanton's claim to a statutory way of necessity was time-barred in light of the Florida Supreme Court's holding that "statutory or common law ways of necessity are subject to the provisions of the Marketable Record Title to Real Property Act (`MRTA')." H & F Land, Inc. v. Panama City-Bay County Airport & Indus. Dist., 736 So.2d 1167, 1170 (Fla.1999). However, because H & F arose in the context of a common law way of necessity and the supreme court's reference to statutory ways of necessity appears only in the stated holding, we certify the following question to be of great public importance:
DOES THE MARKETABLE RECORD TITLE TO REAL PROPERTY ACT, CHAPTER 712, FLORIDA STATUTES, OPERATE TO EXTINGUISH AN OTHERWISE VALID CLAIM OF A STATUTORY WAY OF NECESSITY WHEN SUCH CLAIM WAS NOT TIMELY ASSERTED UNDER THE PROVISIONS OF THAT ACT?
Affirmed.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.
NOTES
[1] Initially, the property was purchased by Blawar Investments, Inc., of which Blanton was president. Blawar subsequently sold the property to Blanton as trustee for Caroline Investments, Inc. Profit Sharing Plan.
[2] The record presented to this court did not suggest an alternative mode of access to the landlocked property. Indeed, in his second amended complaint, Blanton alleged that the only viable, reasonable, and practical means of access to his property was through a particular tract of land on Mosk's property. At the oral argument, counsel for the appellees suggested that, in fact, another mode of access to the property existed. We stress that our review is limited to the propriety of the dismissal order on the pleadings presented to the trial court.