887 So.2d 1224 (2004)
Henry H. BLANTON, etc., et al., Petitioners,
v.
CITY OF PINELLAS PARK, Florida, et al., Respondents.
No. SC03-1685.
Supreme Court of Florida.
October 21, 2004.
*1225 Steven L. Brannock and Sarah C. Pellenbarg, Holland & Knight, LLP, Tampa, FL, for Petitioners.
James A. Helinger, Jr. of James A. Helinger, Jr., P.A., Clearwater, FL; and Amy S. Farrior and Raymond T. Elligett, Jr. of Schropp, Buell & Elligett, P.A., Tampa, FL, for Respondents Yale Mosk & Yale Mosk & Co.
Robert W. Goldman of Goldman Felcoski & Stone, P.A., Naples, FL; and John W. Little, III of Steel Hector & Davis, LLP, West Palm Beach, FL, for Amicus Curiae Real Property, Probate & Trust Law Section of the Florida Bar.
*1226 PARIENTE, C.J.
The issue in this case is whether the Marketable Record Title to Real Property Act (MRTA), chapter 712, Florida Statutes (2003), can operate to extinguish a valid claim to a statutory way of necessity authorized by section 704.01(2), Florida Statutes (2003). Relying on this Court's decision in H & F Land, Inc. v. Panama City-Bay County Airport & Industrial District, 736 So.2d 1167 (Fla.1999), the Second District Court of Appeal answered this question in the affirmative. See Blanton v. City of Pinellas Park, 854 So.2d 729, 731 (Fla. 2d DCA 2003). However, recognizing that H & F Land concerned a common law way of necessity and not the statutory right, the Second District certified the following question to be of great public importance:
Does the Marketable Record Title to Real Property Act, Chapter 712, Florida Statutes, operate to extinguish an otherwise valid claim of a statutory way of necessity when such claim was not timely asserted under the provisions of that Act?
Id. For the reasons that follow we answer the certified question in the negative and hold that MRTA does not apply to a valid claim to a statutory way of necessity.[1]

FACTS AND PROCEDURAL HISTORY
Henry Blanton, in his capacity as trustee for a profit-sharing plan, filed suit against Yale Mosk and Co., Yale Mosk individually (hereinafter collectively referred to as "Mosk"), and the City of Pinellas Park to force the defendants to allow access to a landlocked ten-acre parcel of land in Pinellas County, Florida, that Blanton purchased in 1975.[2] In his second amended complaint, Blanton asserted as one of several claims for relief that he was entitled to a statutory way of necessity as authorized by section 704.01(2). To support this claim, Blanton alleged that in order to access the nearest practical road he had to cross Mosk's property. Blanton further alleged that he attempted to negotiate access with Mosk, but that Mosk had demanded in excess of $1.1 million for use of a strip of land that, in 1997, had an assessed value for property tax purposes of $18,100.
Mosk filed a motion to dismiss the complaint. The trial court found that Blanton's claim to the way of necessity was time-barred by MRTA under this Court's holding in H & F Land that "statutory or common law ways of necessity are subject to the provisions of the Marketable Record Title to Real Property Act." 736 So.2d at 1170. The trial court also found that Blanton was not entitled to relief on his other claims as a matter of law and dismissed the complaint. The Second District affirmed the dismissal and certified the question of great public importance set out above. See Blanton, 854 So.2d at 731.

ANALYSIS
Because this case is before us on the trial court's dismissal of Blanton's second amended complaint, all of the facts alleged in the complaint must be assumed to be true. See Fla. Dep't of Health & Rehabilitative Servs. v. S.A.P., 835 So.2d 1091, 1094 (Fla.2002). The trial court's ruling, which was based on a question of law, is reviewed by this Court de novo. See Execu-Tech *1227 Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 583 (Fla.2000).
In H & F Land, the First District Court of Appeal certified the following question: "Does the Marketable Record Title Act, chapter 712, Florida Statutes, operate to extinguish an otherwise valid claim of a common law way of necessity when such a claim was not asserted within thirty years?" 736 So.2d at 1169 (emphasis supplied). We answered that question in the affirmative. See id. at 1170. We then broadly stated that "statutory or common law ways of necessity are subject to the provisions of the Marketable Record Title to Real Property Act." Id. We also broadly stated that "MRTA indeed encompasses all claims to an interest in property, including ways of necessity, unless such claims are expressly exempted from MRTA's provisions." Id. at 1172.
Mosk argues that we should adhere to these statements in H & F Land and reaffirm that statutory ways of necessity are subject to the provisions of MRTA. However, because the issue in H & F Land involved a claim to a common law way of necessity, the statements in that case are dicta to the extent they include statutory ways of necessity. Cf. Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339, 344 (Fla.1986) (concluding that any statements in a prior case about the effect of MRTA on navigable waterbeds were non-binding dicta because there were no navigable waterbeds at issue in the prior case). Moreover, our review of the entire H & F Land opinion reveals that our discussion concerned section 704.01(1), Florida Statutes (2003), which codifies common law ways of necessity. There is no reference in the opinion to section 704.01(2), which creates the right to the statutory way of necessity at issue in this case. In fact, the plaintiff in H & F Land never claimed entitlement to a statutory way of necessity. We therefore decline to apply H & F Land to this case. Rather, we take this opportunity to consider and expressly address the precise issue currently before us  whether MRTA applies to statutory ways of necessity.
To answer this question we must interpret the provisions of MRTA and section 704.01(2) to determine whether the Legislature intended that MRTA operate to extinguish valid claims to statutory ways of necessity. See Florida Convalescent Centers v. Somberg, 840 So.2d 998, 1000 (Fla.2003) (stating that "[i]t is well settled that legislative intent is the polestar that guides a court's statutory construction analysis"). We begin with a review of the applicable statutes.

MRTA
MRTA was enacted in 1963 to simplify and facilitate land transactions, and specifically provides that its provisions are to be construed liberally. See § 712.10, Fla. Stat. (2003). Section 712.02, Florida Statutes (2003), provides that "[a]ny person ... vested with any estate in land of record for 30 years or more, shall have a marketable record title ... free and clear of all claims" except those set forth as exceptions in section 712.03.[3] Section *1228 712.04, Florida Statutes (2003), titled "Interests extinguished by marketable record title" provides in pertinent part:
Subject to the matters stated in s. 712.03, such marketable record title shall be free and clear of all estates, interests, claims, or charges whatsoever, the existence of which depends upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title.
"Root of title" is defined as
any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it was recorded.
§ 712.01(2), Fla. Stat. (2003). Stated differently, the root of title is "the most recent deed or other title transaction recorded in the unbroken chain of title at least [thirty years] in the past." William B. Stoebuck & Dale A. Whitman, The Law of Property 900 (3d ed.2000).
An interest in land that is not exempted from MRTA's provisions under section 712.03 can be preserved by recording that interest as prescribed by sections 712.05 and 712.06, Florida Statutes (2003), within the "30-year period immediately following the effective date of the root of title." § 712.05(1), Fla. Stat. (2003). In sum, MRTA is a comprehensive act that contains elements of a curative act, a statute of limitations, and a recording act. See City of Miami v. St. Joe Paper Co., 364 So.2d 439, 442 (Fla.1978).

STATUTORY WAYS OF NECESSITY
Section 704.01(2), Florida Statutes (2003), establishes the right to a statutory way of necessity and provides in full:
STATUTORY WAY OF NECESSITY EXCLUSIVE OF COMMON-LAW RIGHT.  Based on public policy, convenience, and necessity, a statutory way of necessity exclusive of any common-law right exists when any land or portion thereof outside any municipality which is being used or desired to be *1229 used for a dwelling or dwellings or for agricultural or for timber raising or cutting or stockraising purposes shall be shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road. The owner or tenant thereof, or anyone in their behalf, lawfully may use and maintain an easement for persons, vehicles, stock, franchised cable television service, and any utility service, including, but not limited to, water, wastewater, reclaimed water, natural gas, electricity, and telephone service, over, under, through, and upon the lands which lie between the said shut-off or hemmed-in lands and such public or private road by means of the nearest practical route, considering the use to which said lands are being put; and the use thereof, as aforesaid, shall not constitute a trespass; nor shall the party thus using the same be liable in damages for the use thereof; provided that such easement shall be used only in an orderly and proper manner.
Thus, to obtain a statutory way of necessity, the landowner must establish that the land is (1) outside of a municipality, (2) "being used or desired to be used" for residential or agricultural purposes, and (3) "shut off or hemmed in by lands, fencing, or other improvements of other persons so that no practicable route of egress or ingress shall be available therefrom to the nearest practicable public or private road." Id.[4] If these three circumstances exist, the owner of the landlocked parcel is entitled to "use and maintain an easement for persons, vehicles, stock, franchised cable television service, and any utility service, ... over, under, through, and upon the lands which lie between" the landlocked parcel and the public or private road "by means of the nearest practical route." Id.
No judicial determination is required for the landlocked owner to assert the right to a statutory way of necessity under section 704.01(2). However, the Legislature has provided for a judicial remedy when the servient landowner objects or refuses to permit the use of a statutory way of necessity. See § 704.04, Fla. Stat. (2003).[5] Section 704.04 allows a circuit court to determine entitlement to the easement; the type, extent, duration, and location of the easement; and compensation *1230 for use of the easement. When this judicial remedy is utilized, section 704.04 expressly provides that "[t]he easement shall date from the time the award is paid." Id.

MRTA AND STATUTORY WAYS OF NECESSITY
As in all cases of statutory construction, we first look to the language of the statute. See Woodham v. Blue Cross & Blue Shield of Florida, Inc., 829 So.2d 891, 897 (Fla.2002). "When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." Modder v. American Nat'l Life Ins. Co., 688 So.2d 330, 333 (Fla.1997) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)). It is only if the statutory language is ambiguous that "the Court must resort to traditional rules of statutory construction to determine legislative intent." Palm Beach County Canvassing Bd. v. Harris, 772 So.2d 1273, 1282 (Fla.2000); see also Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000) (stating that "if the language of the statute is unclear, then rules of statutory construction control"). "Ambiguity suggests that reasonable persons can find different meanings in the same language." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 455 (Fla.1992).
Section 712.02 of MRTA provides that "[a]ny person ... vested with any estate in land of record for 30 years or more, shall have a marketable record title ... free and clear of all claims" except those set forth as exceptions in section 712.03 (emphasis supplied). In H & F Land, we concluded that "[b]ased upon the unambiguous language in MRTA referring to `all claims' and the clear policy underlying MRTA," MRTA encompassed claims to "ways of necessity." 736 So.2d at 1172. This conclusion was premised on the fact that "[a] way of necessity is an easement" and that an easement "is more than a mere personal privilege; it is an interest in land." Id. at 1171-72. However, because of the differences between statutory and common law ways of necessity explained below, this analysis applies only to common law ways of necessity.
A common law way of necessity is an implied reservation or grant that arises when a single grantor conveys part of a parcel of land resulting in either the part conveyed or the part retained being cut off from access to a public road. See id. at 1172; Sapp v. Gen. Dev. Corp., 472 So.2d 544, 545 (Fla. 2d DCA 1985); Roy v. Euro-Holland Vastgoed, B.V., 404 So.2d 410, 411 (Fla. 4th DCA 1981).[6] This implied *1231 reservation "results from the application of the presumption that whenever a party conveys property he conveys whatever is necessary for the beneficial use of that property and retains whatever is necessary for the beneficial use of land he still possesses." Roy, 404 So.2d at 412 (quoting 25 Am Jur.2d, Easements and Licenses § 34, at 447-48). In other words, in a property conveyance "the deed of the grantor as much creates the way of necessity as it does the way by grant, the only difference between the two being that one is granted in express words and the other only by implication." Stein v. Darby, 126 So.2d 313, 318 (Fla. 1st DCA 1961).
A common law way of necessity is an easement from its inception. However, a landowner who meets the requirements for a statutory way of necessity does not obtain an easement until an award ordered by the circuit court is paid. See § 704.04. Therefore, the right to a statutory way of necessity is more akin to a "privilege" than to an interest in land, unless and until an action in the circuit court results in the establishment of an easement.
Although we recognize that the "all claims" language in MRTA is broad in scope and that MRTA does not contain an express exception for statutory ways of necessity in section 712.03, we note that the "all claims" language is limited by section 712.04. Specifically, section 712.04 limits the claims extinguished by MRTA to those that "depend[ ] upon any act, title transaction, event or omission that occurred prior to the effective date of the root of title." (Emphasis supplied.)
Applying section 712.04 of MRTA to common law ways of necessity is straightforward. Because a common law way of necessity is created at the time of the title transaction that created the landlocked property, a claim to a common law way of necessity can be extinguished under section 712.04 if that title transaction occurred prior to the root of title. In contrast, as noted by the Real Property, Probate and Trust Law Section of the Florida Bar[7] in its amicus brief, "applying MRTA and its thirty-year clock to section 704.01(2) does not work." Amicus Curiae Brief at 9.
The difficulty arises because, prior to a judicial determination under section 701.04, there is no definitive "act, title transaction, event or omission" that gives rise to a "claim" to a statutory way of necessity for the purposes of applying MRTA. This is illustrated by two Second District decisions that reached different conclusions regarding when a claim to a statutory way of necessity arises. In Hunt v. Smith, 137 So.2d 232, 233-34 (Fla. 2d DCA 1962), the Second District noted that "the statutory way of necessity exists only when the lands are being used or desired to be used for the purposes specified in the statute." However, in Sapp, the Second District indicated that a claim to a statutory way of necessity always exists. See 472 So.2d at 546 (concluding that the "portion of section 704.04 which provides that `[t]he easement shall date from the time the award is paid' refers only to the court-ordered easement rather than to the statutory way of necessity which existed all of the time"). We conclude, giving MRTA's language its plain and obvious meaning, that MRTA's provisions *1232 cannot act to extinguish the right to a statutory way of necessity established by the Legislature in section 704.01(2).
This conclusion is buttressed by the fact that MRTA's objectives would not be furthered by applying its provisions to statutory ways of necessity. As this Court explained in H & F Land, "[a] core concern of MRTA [is] that there be no `hidden' interests in property that could be asserted without limitation against a record property owner." 736 So.2d at 1172. Further, "MRTA's provisions contain a scheme to accomplish the ... objective of stabilizing property law by clearing old defects from land titles, limiting the period of record search, and clearly defining marketability by extinguishing old interests of record not specifically claimed or reserved." Id. at 1171.
In H & F Land, we referred to our prior decision in Marshall v. Hollywood, Inc., 236 So.2d 114, 119 (Fla.1970), which held that MRTA operated to confer marketability to a recorded chain of title in land, even though the chain originated from a forged or wild deed. See 736 So.2d at 1172. Supporting our conclusion that MRTA applied to common law ways of necessity, we reasoned that "[h]aving refused to look behind the recorded wild deed in Marshall to establish that it was based on a forgery or was otherwise invalid, it would make little sense for us to go behind the legitimate deed of the Airport District in this case to discover an unclaimed easement against the Airport District's property and except it from MRTA's recording requirements." Id.
This reasoning illustrates a primary difference between a common law and statutory way of necessity. Because a common law way of necessity depends on the existence of "unity of title," see § 704.01(1), a historical examination of the chain of title is required to determine whether a landlocked property owner has a valid claim. However, determining whether a landlocked owner has a valid claim to a statutory way of necessity requires only findings on the current status of the property  that the parcel is landlocked, that the parcel is outside a municipality, and that the parcel is being used or is desired to be used for one of the enunciated purposes. Thus, determining whether an owner of landlocked property has a valid claim to a statutory way of necessity does not require another property owner or a court to "go behind" a legitimate deed and conduct a historical evaluation of the chain of title. A statutory way of necessity is not a "hidden" interest in land.
Moreover, because a claim for a statutory way of necessity does not rest on the chain of title, extinguishing claims to statutory ways of necessity will neither "clear[ ] old defects from land titles, limit[ ] the period of the record search, [nor] clearly define[ ] marketablility." H & F Land, 736 So.2d at 1171. Although an unrecorded common law way of necessity burdens the parcel that it cuts across without clear notice and without compensation to the landowner, all landowners are on notice of statutory ways of necessity by virtue of section 704.01(2). In addition, a landowner whose parcel becomes burdened by a statutory way of necessity is entitled to a judicial determination of both the "nearest practical route" and the compensation due.
Finally, we recognize that we concluded in H & F Land that the "public policy concerns behind section 704.01" did not outweigh the importance "for the overall stability of property law under MRTA that claimants assert their interests in property in a reasonable and timely manner." 736 So.2d at 1176. However, we reiterate that H & F Land concerned only common law *1233 ways of necessity codified in section 704.01(1).
Our broad statements in H & F Land that "statutory or common law ways of necessity are subject to the provisions of [MRTA]," 736 So.2d at 1170, and that "MRTA ... encompasses all claims to an interest in property, including ways of necessity," id. at 1172, are dicta. We recede from these statements to the extent they can be construed as holding that MRTA can act to extinguish a valid claim to a statutory way of necessity authorized under section 704.01(2).
We further conclude in this case that public policy weighs in favor of holding that MRTA is inapplicable to statutory ways of necessity. In upholding the constitutionality of section 704.01(2) in 1977, the Court explained:
Although state public policy may have altered with respect to the methods of land use since 1961, sensible utilization of land continues to be one of our most important goals.... Useful land becomes more scarce in proportion to population increase, and the problem in this state becomes greater as tourism, commerce and the need for housing and agricultural goods grow. By its application to shut-off lands to be used for housing, agriculture, timber production and stockraising, the statute is designed to fill these needs. There is then a clear public purpose in providing means of access to such lands so that they might be utilized in the enumerated ways.
Deseret Ranches of Fla., Inc. v. Bowman, 349 So.2d 155, 156-57 (Fla.1977). The fact that the Legislature has chosen to retain this statutory remedy indicates that the Legislature continues to believe that those enumerated uses of land in the unincorporated areas of the state still serve an important public purpose.
In this case, Blanton alleges that he owns a landlocked parcel and that he is entitled to access to that property under section 704.01(2). Blanton also alleges that he attempted to negotiate an easement over a portion of Mosk's property, valued at $18,100 for property tax purposes, and that he was quoted a price in excess of $1.1 million. Holding that MRTA operates to extinguish a claim to a statutory way of necessity would, contrary to legislative intent, render these landlocked parcels unusable, either because the landlocked owner is without a means of access to the parcel or is being asked to pay an exorbitant fee. To the extent that Blanton's allegations set forth a claim for a statutory way of necessity, he is entitled to prove that claim.

CONCLUSION
We express no view on the merits of Blanton's claim for a statutory way of necessity. We hold only that statutory ways of necessity are not subject to the provisions of MRTA. Accordingly, we answer the certified question in the negative and quash the Second District's decision.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO and BELL, JJ., concur.
NOTES
[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
[2] As noted in the Second District Court of Appeal's opinion, the property was initially purchased by Blawar Investments, Inc., of which Blanton was president. Blawar then sold the property to Blanton as trustee for Caroline Investments, Inc. Profit Sharing Plan. See Blanton, 854 So.2d at 730 n. 1.
[3] Section 712.03, which sets forth a list of interests that cannot be extinguished under MRTA, provides in full:

Such marketable record title shall not affect or extinguish the following rights:
(1) Estates or interests, easements and use restrictions disclosed by and defects inherent in the muniments of title on which said estate is based beginning with the root of title; provided, however, that a general reference in any of such muniments to easements, use restrictions or other interests created prior to the root of title shall not be sufficient to preserve them unless specific identification by reference to book and page of record or by name of recorded plat be made therein to a recorded title transaction which imposed, transferred or continued such easement, use restrictions or other interests; subject, however, to the provisions of subsection (5).
(2) Estates, interests, claims, or charges, or any covenant or restriction, preserved by the filing of a proper notice in accordance with the provisions hereof.
(3) Rights of any person in possession of the lands, so long as such person is in such possession.
(4) Estates, interests, claims, or charges arising out of a title transaction which has been recorded subsequent to the effective date of the root of title.
(5) Recorded or unrecorded easements or rights, interest or servitude in the nature of easements, rights-of-way and terminal facilities, including those of a public utility or of a governmental agency, so long as the same are used and the use of any part thereof shall except from the operation hereof the right to the entire use thereof. No notice need be filed in order to preserve the lien of any mortgage or deed of trust or any supplement thereto encumbering any such recorded or unrecorded easements, or rights, interest, or servitude in the nature of easements, rights-of-way, and terminal facilities. However, nothing herein shall be construed as preserving to the mortgagee or grantee of any such mortgage or deed of trust or any supplement thereto any greater rights than the rights of the mortgagor or grantor.
(6) Rights of any person in whose name the land is assessed on the county tax rolls for such period of time as the land is so assessed and which rights are preserved for a period of 3 years after the land is last assessed in such person's name.
(7) State title to lands beneath navigable waters acquired by virtue of sovereignty.
(8) A restriction or covenant recorded pursuant to chapter 376 or chapter 403.
[4] Practicable is defined as "without the use of bridge, ferry, turnpike road, embankment, or substantial fill." § 704.03, Fla. Stat. (2003).
[5] Section 704.04, Florida Statutes (2003), provides in full:

704.04. Judicial remedy and compensation to servient owner  When the owner or owners of such lands across which a statutory way of necessity under s. 704.01(2) is claimed, exclusive of the common-law right, objects or refuses to permit the use of such way under the conditions set forth herein or until she or he receives compensation therefor, either party or the board of county commissioners of such county may file suit in the circuit court of the county wherein the land is located in order to determine if the claim for said easement exists, and the amount of compensation to which said party is entitled for use of such easement. Where said easement is awarded to the owner of the dominant tenement, it shall be in compliance with s. 704.01(2) and shall exist so long as such easement is reasonably necessary for the purposes stated herein. The court, in its discretion, shall determine all questions, including the type, duration, extent, and location of the easement, the amount of compensation, and the attorney's fees and costs to be awarded to either party for unreasonable refusal to comply with the provisions of s. 704.01(2) provided that if either of said parties so requests in her or his original pleadings, the amount of compensation may be determined by a jury trial. The easement shall date from the time the award is paid.
[6] Section 704.01(1) expressly recognizes, adopts and clarifies the common law way of necessity:

The common-law rule of an implied grant of a way of necessity is hereby recognized, specifically adopted, and clarified. Such an implied grant exists where a person has heretofore granted or hereafter grants lands to which there is no accessible right-of-way except over her or his land, or has heretofore retained or hereafter retains land which is inaccessible except over the land which the person conveys. In such instances a right-of-way is presumed to have been granted or reserved. Such an implied grant or easement in lands or estates exists where there is no other reasonable and practicable way of egress, or ingress and same is reasonably necessary for the beneficial use or enjoyment of the part granted or reserved. An implied grant arises only where a unity of title exists from a common source other than the original grant from the state or United States; provided, however, that where there is a common source of title subsequent to the original grant from the state or United States, the right of the dominant tenement shall not be terminated if title of either the dominant or servient tenement has been or should be transferred for nonpayment of taxes either by foreclosure, reversion, or otherwise.
[7] The Real Property, Probate and Trust Law Section of the Florida Bar comprises over 7,000 Florida lawyers who practice in the areas of real estate, trust, and estate law.