SUAREZ, J.
This appeal arises out of the trial court’s grant of summary judgment in favor of Chicago Title Insurance Company (“Chicago Title”). The appellants are representatives of a class action lawsuit against Chicago Title, the appellee, alleging that Chicago Title uniformly overcharges for title insurance in mortgage refinance transactions. The sole issue on appeal is whether the trial court correctly interpreted Regulation 690-186.003(2), Florida Administrative Code, which provides conditions under which a homeowner may qualify for a lower premium on title insurance in a refinance transaction. We conclude the trial court correctly interpreted the subject regulation, and accordingly affirm the entry of final summary judgment.
Pursuant to legislative delegation, the Florida Financial Services Commission has created a rate scheme for title insurance premiums. § 627.782, Fla. Stat. (2012); Fla. Admin. Code R. 690-186.003 (2002). Title insurers and agents are prohibited from knowingly quoting, charging, or collecting a premium that differs from the rate set by the Commission. § 627.780, Fla. Stat. (2007). The “original rate,” applicable to premiums on title policies issued for original owners or leasehold titles, is higher than the “reissue rate.”[1] The lower reissue rate applies to premiums for specified properties “[pjrovided a previous owner’s policy was issued insuring the seller or the mortgagor in the current transaction and that both the reissuing agent and the reissuing undenvriter retain for their respective files copies of the prior owner’s policy. ...” Fla. Admin. Code R. 690-186.003(2) (2002) (emphasis added). It is the second part of this provision we are asked to interpret on appeal.
The parties and the trial court agree, as do we, that the regulation is unambiguous. *1165 In such instances, “th[e] first canon [of statutory interpretation] is also the last”: the plain language controls. Conn. Nat’l Bank v. Germain, 503 U.S. 249, 254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). The language of the regulation is clear. The reissuing agent and the reissuing underwriter shall charge the lower premium rate provided[2] two requirements are met. First, a previous owner’s policy must have been issued insuring the seller or the mortgagor in the current transaction and, second, both the reissuing agent and the reissuing underwriter must retain for their files copies of the prior owner’s policy. Only upon satisfaction of both these requirements does the regulation not only permit, but require, the insurer to charge the lower premium. Should either or both of these provisions remain unsatisfied, the insurer would violate the regulation if it were to charge the lower rate.
The appellants argue this second provision is logically read to require the insurer to conduct a “reasonable search” for prior policies to protect eligible homeowners from being overcharged. However, there is no reasonable interpretation of this regulation that would mandate the insurer to conduct such a “reasonable search.” To so hold would require this court to look behind the face of the regulation for a legislative intent. This exceeds the scope of power granted to a court interpreting an unambiguous statute. See Blanton v. City of Pinellas Park, 887 So.2d 1224, 1230 (Fla.2004). To impose such a duty would also require this court to rewrite the regulation. That is not the function of the judiciary. The appellants further contend our holding today renders the reissue rate illusory by permitting the insurer to be willfully blind when presented with a prior policy. Should this claim prove true, it is more properly addressed on an individual basis based on specifically pled allegations. Crafting a statute to curb the potential abuse prophesied by the appellants is, again, the province of the legislature and not the judiciary.
AFFIRMED.

. 690-186.003(2), Florida Administrative Code (2012), provides:
(a) 1. The reissue premium charge for owner's, mortgage, and leasehold title insurance policies shall be:
Per Thousand
Up to $ 100,000 of liability written $3.30
Over $100,000 and up to $1 million, add $3.00
Over $1 million and up to $10 million, add $2.00
Over $ 10 million, add $1.50
2. The minimum premium shall be $100.00.
(b) Provided a previous owner’s policy was issued insuring the seller or the mortgagor in the current transaction and that both the reissuing agent and the reissuing underwriter retain for their respective files copies of the prior owner’s policy, the reissue premium rates in paragraph (a) shall apply to:
1. Policies on real property which is unimproved except for roads, bridges, drainage facilities, and utilities if the current owner’s title has been insured prior to the application for a new policy;
2. Policies issued with an effective date of less than three years after the effective date of the policy insuring the seller or mortgagor in the current transaction; or
3. Mortgage policies issued on refinancing of property insured by an original owner's policy which insured the title of the current mortgagor.
(c)Any amount of new insurance, in the aggregate, in excess of the amount under *1165 the previous policy shall be computed at the original owner’s or leasehold rates, as provided in subsection (1).

. It is important to note the regulation specifically uses the term “provided,” defined as:
The word used in introducing a proviso (q.v.). Ordinarily it signifies or expresses a condition ... according to the context, it may import a covenant, or a limitation or qualification, or a restraint, modification, or exception to something which precedes.
Black’s Law Dictionary 1102 (5th ed. 1979).