NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

SCOTT LYDAY and TAMMY LYDAY,   )
   )
     Appellants,   )
   )
v.   )   Case No. 2D17-1726
   )
MYAKKA VALLEY RANCHES   )
IMPROVEMENT ASSOCIATION, INC.,   )
a not-for-profit Florida corporation; and   )
VIVIAN ZABIK,   )
   )
     Appellees.   )
_____)

Opinion filed March 15, 2019.

Appeal from the Circuit Court for Sarasota
County; Lon Arend, Judge.

Frederic B. O'Neal, Windermere, for
Appellants.

James H. Burgess, Jr., of Burgess, Harrell,
Mancuso, Colton & La Porta, P.A.,
Sarasota, for Appellees.


KELLY, Judge.

Scott and Tammy Lyday appeal from the final judgment entered in favor of

the appellee, Myakka Valley Ranches Improvement Association, Inc.,[1] in an action in

_____

[1]Appellee Vivian Zabik died during the pendency of this appeal.

which the Lydays challenged the enforceability of the Association's Declaration of Restrictions. Because we conclude the Marketable Record Titles to Real Property Act[2] (MRTA) extinguished the Association's restrictions as to the Lydays' property, we reverse.

Myakka Valley Ranches is a subdivision originally developed by Myakka Valley, Inc. It consisted of an unrecorded plat and Units I-V. Between 1965 and 1978, Myakka Valley, Inc., filed and recorded Declarations of Restrictions on the unrecorded plat and on each of the five units of the subdivision. The restrictions for Unit II were filed and recorded on April 14, 1971. In 1982, Myakka Valley, Inc., assigned all of its rights and responsibilities under the Declarations of Restrictions to the Association.

On March 12, 2010, the Lydays obtained title to Lot 76 in Unit II of the subdivision. The dispute underlying this action arose when the Association voted to impose an assessment on the lot owners in Unit II and the Lydays refused to pay. Subsequently, the Association filed a lien against the Lydays' property.

As a result of the Association's actions, the Lydays filed a multicount complaint seeking declaratory and other relief. At the heart of the action was the Lydays' contention that the restrictions pertaining to Unit II generally, and to their lot specifically, had been extinguished by MRTA and thus, the Association had no authority to impose an assessment on their lot. The Association filed a counterclaim and third-party complaint which, among other things, sought a declaration that the restrictions were enforceable and that the Lydays owed the Association the past due assessments as well as attorney's fees and costs.

---

[2]Ch. 712, Fla. Stat. (2015).

The Lydays and the Association filed competing motions for summary judgment both of which asked the court to determine whether MRTA had extinguished the Association's right to enforce the restrictions as to the Lydays' lot. The trial court ultimately determined that MRTA had not extinguished the restrictions. It denied the Lydays' motions, granted the Association's motions for summary judgment as to all counts in its second amended counterclaim and third-party complaint, and entered a judgment in favor of the Association. We reverse the judgment in favor of the Association because we conclude MRTA extinguished the restrictions as to the Lydays' lot. For the same reason, we reverse the denial of the Lydays' motions for summary judgment.

The legislature enacted MRTA to "simplify and facilitate land transactions." Blanton v. City of Pinellas Park, 887 So. 2d 1224, 1227 (Fla. 2004); Matissek v. Waller, 51 So. 3d 625, 628 (Fla. 2d DCA 2011). Section 712.02, Florida Statutes (2015), provides that "[a]ny person . . . vested with any estate in land of record for 30 years or more, shall have a marketable record title . . . free and clear of all claims except" those set forth as exceptions in section 712.03. This is echoed in section 712.04, which states that a marketable title "is free and clear of all estates, interests, claims, or charges, the existence of which depends upon any act, title transaction, event, or omission that occurred before the effective date of the root of title" unless it comes within one of the exceptions set out in section 712.03.[3] Otherwise, the statute declares the interest to be "null and void." § 712.04; see also Matissek, 51 So. 3d at 629.

_____

[3]"Root of title" is defined as "any title transaction purporting to create or transfer the estate claimed by any person and which is the last title transaction to have been recorded at least 30 years prior to the time when marketability is being

It is undisputed that the restrictions applicable to the Lydays' lot in Unit II predate the Lydays' root of title and that they are more than thirty years old. Thus, they are "null and void" unless they fall within one of the exceptions contained in section 712.03. See §§ 712.02, .04; Matissek, 51 So. 3d at 629; Berger v. Riverwind Parking, LLP, 842 So. 2d 918, 922 (Fla. 5th DCA 2003). The Association acknowledges that the exception provided for in section 712.03(1), which exempts interests created prior to the root of title if they are specifically identified in subsequent muniments of title, is inapplicable to the Lydays' lot. Instead, the Association relies on section 712.03(2), which exempts "[e]states, interests, claims, or charges, or any covenant or restriction, preserved by the filing of a proper notice in accordance with the provisions hereof."

Section 712.05(1) sets forth the method for preserving a claim pursuant to section 712.03(2):

> A person claiming an interest in land or a homeowners' association desiring to preserve a covenant or restriction may preserve and protect the same from extinguishment by the operation of this act by filing for record, during the 30-year period immediately following the effective date of the root of title, a written notice in accordance with this chapter. Such notice preserves such claim of right or such covenant or restriction or portion of such covenant or restriction for up to 30 years after filing the notice unless the notice is filed again as required in this chapter.

The restrictions for Unit II were first recorded April 14, 1971, and on October 1, 1971, the developer filed a warranty deed subject to the deed restrictions transferring title to a parcel in Unit II. Thus, the Association had until 2001 to file its preservation notice pursuant to section 712.05(1). The Association filed its preservation notice on January

determined. The effective date of the root of title is the date on which it was recorded." § 712.01(2).

- 4 -

4, 2004, but by then MRTA had already extinguished the restrictions rendering them "null and void."  See § 712.04; see also, e.g., Matissek, 51 So. 3d at 629 n.6.

We reject the Association's contention that its untimely preservation notice can breathe life back into its restrictions after they are extinguished by MTRA.  To come within the exception set forth in section 712.03(2), a party must file a "proper notice in accordance with the provisions hereof."  A notice that is not filed within the thirty-year period is not in accordance with section 712.05(1).  As the Florida Supreme Court explained long ago:  "The Marketable Record Title Act . . . provides for a simple and easy method by which the owner of an existing old interest may preserve it.  *If he fails to take the step of filing the notice as provided, he has only himself to blame if his interest is extinguished.*"  City of Miami v. St. Joe Paper Co., 364 So. 2d 439, 442 (Fla. 1978) (emphasis added).  The court added that "[b]y the Marketable Record Title Act, any claim or interest, vested or contingent, present or future, is cut off unless the claimant preserves his claim by filing a notice within a 30-year period.  If a notice is not filed, the claim is lost."  Id. at 443 (citation omitted) (quoting Catsman, The Marketable Record Title Act and Uniform Title Standards, Volume 3, § 6.2, Florida Real Property Practice (1965)); see also Fla. Dep't of Transp. v. Clipper Bay Invs., LLC, 160 So. 3d 858, 863 (Fla. 2015) ("[The MRTA] eliminates all stale claims to real property, with certain enumerated exceptions, unless notice of these claims is filed in a procedurally proper manner."  (alteration in original) (quoting City of Jacksonville v. Horn, 496 So. 2d 204, 206 (Fla. 1st DCA 1986))).[4]

_____

[4]Because an untimely notice cannot revive covenants and restrictions that have been extinguished, in 2004 the legislature enacted section 720.403, Florida Statutes, to provide a process for communities with covenants extinguished by MRTA to

Because MRTA extinguished the Association's restrictions as to the Lydays' lot, it was error for the trial court to grant the Association's motions for summary judgment on its counterclaims and third-party claims. Accordingly, we reverse the final judgment in favor of the Association and direct the court to enter a judgment in favor of the Lydays on the Association's counterclaims and third-party claims. We also reverse the order denying the Lydays' motion for summary judgment on count three of their amended complaint. On remand, the court is directed to enter summary judgment in favor of the Lydays as to count three of their amended complaint and to conduct further proceedings as to the Lydays' claims in counts four and five of their amended complaint.

Reversed and remanded with instructions.

SLEET and SALARIO, JJ., Concur.

---

revive them. See Fla. S. Comm. on Health, Aging & Long-Term Care, SB1184 (2004), Staff Analysis & Economic Impact Statement (Mar. 29, 2004) (available at Fla. Dep't of State, Bureau of Archives & Mgmt., Fla. St. Archives, Tallahassee, Fla.); Gary A. Poliakoff & Donna Berger, The Reinstatement of Covenants, Conditions, and Restrictions Extinguished by the Marketable Record Title Act, 79 Fla. B.J. 14 (2005).