# Third District Court of Appeal

## State of Florida

Opinion filed August 27, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0151
Lower Tribunal No. 21-25220-CA-01
_____

**Amber Perrin,**
Appellant,

vs.

**State of Florida, Department of Transportation,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Abrams Law Firm, P.A., and Ryan A. Abrams and Ariel Grosfeld (Ft. Lauderdale), for appellant.

Marc Peoples, Assistant General Counsel (Tallahassee), for appellee State of Florida, Department of Transportation.

Before SCALES, C.J., and EMAS, and FERNANDEZ, JJ.

SCALES, C.J.

Appellant Amber Perrin owns a residential lot in Miami that lies adjacent to property (the "Property") owned by appellee Florida Department of Transportation ("FDOT"). Perrin claims a dominant interest in an easement that allegedly encumbers the Property, dating back more than one hundred years. Below and on appeal, the parties dispute whether Florida's Marketable Record Title Act ("MRTA")[1] extinguishes Perrin's claimed interest or whether a MRTA exception preserves her claimed interest. We affirm the trial court's December 26, 2023 summary judgment ruling in favor FDOT, which essentially found that, because Perrin did not demonstrate that either she or a predecessor ever obtained a preservable easement interest in the Property, MRTA extinguished her claim.

**I. Relevant Facts and Procedural Background**

FDOT acquired the Property, a 1.66-acre tract of land, from the City of Miami in 1958. The parties agree that this 1958 transaction constitutes the root of title for the purposes of MRTA.[2] FDOT currently uses the Property to capture and treat stormwater runoff from abutting roadways.

---

[1] See §§ 712.001-12, Fla. Stat. (2023). Unless MRTA provides an exception, generally under MRTA a claim or encumbrance or other interest arising before the root of title is extinguished. § 712.04, Fla. Stat. (2023).

[2] The root of title is the most recent deed or other title transaction recorded in the unbroken chain of title at least thirty years in the past. Blanton v. City

Perrin claims that the Property is encumbered by an easement that dates to the original platting of her subdivision in 1912. In that year, the Buena Vista Biscayne Badger Club Company (the "Company") recorded a subdivision plat that dedicated all common areas (including the Property) to stockholders of the Company rather than to owners of lots in the subdivision. On January 23, 1917, Daniel Stearns became the original owner of Perrin's lot and a Company stockholder.[3] Stearns's deed made explicit that he, as a lot owner, had no individual rights in the common areas of the subdivision, and that his use of these common areas was allowed by the Company. In 1917, as well, the Company recorded a document (the "1917 Instrument") that clarified its intentions to purchasers of the lots, stating that the subdivision plat's streets, alleys, park and riparian rights (which included the Property) were dedicated to the Company's stockholders; and that the right of lot owners to use the streets, alleys, park and riparian rights was at the pleasure of the Company's stockholders. Put another way, any use of the Property by lot owners was pursuant to a license, not an easement.

---

of Pinellas Park, 887 So. 2d 1224, 1228 (Fla. 2004); § 712.01(6), Fla. Stat. (2023).

[3] It is undisputed that Perrin has never been a stockholder of the Company.

In 1928, the Company conveyed the portion of the Property immediately to the east of Perrin's adjacent lot to the City of Miami. In 1946, with the Company having been dissolved, its surviving directors conveyed the remaining portion of the Property to the City of Miami. Then, by quitclaim deed in 1958, the City of Miami deeded the Property to FDOT. The 1958 deed contains no reference to an easement encumbering the Property. In 2005, Perrin acquired two lots in the subdivision from a corporation associated with her husband, including the lot abutting the Property.

According to Perrin, she and/or her husband maintained the Property's landscaping at their expense dating back to 2002, while they and their predecessors, as well as other neighbors, used the Property for recreational purposes (e.g., dog walking). Perrin provided as summary judgment evidence an affidavit of a previous owner of her lot tracing back neighborhood use of the lot to 1999. In 2013, FDOT installed a fence and gate. According to Perrin, an FDOT employee gave her a key, allowing continued access. In 2018, FDOT changed the lock on the gate, barring access altogether. When Perrin's husband objected, an FDOT representative advised him that he never had permission to enter the Property.

4

In November 2021, Perrin filed a complaint for declaratory relief; Perrin's operative first amended complaint sought a declaration that, pursuant to a MRTA exception, the Property was encumbered by an easement that benefitted Perrin.[4]  FDOT answered and counterclaimed to quiet title in the Property. The parties filed cross-motions for summary judgment. On July 21, 2023, the trial court conducted a hearing on both motions and, on December 26, 2023, granted FDOT's summary judgment motion and denied that of Perrin. Citing MRTA, the order on appeal extinguished any interest Perrin might have in the Property. Subsequently, the trial court entered final judgment and Perrin timely appealed.

## II. Analysis[5]

With regard to FDOT's summary judgment motion, FDOT, as the moving party, had the initial burden of showing an absence of proof supporting Perrin's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). FDOT met its burden through the plat documents, deeds, and other recorded

---

[4] Perrin argued that either (i) section 712.03(1) of the Florida Statutes provided a MRTA exception because the subdivision plat expressly created the easement in favor of lot owners, or (ii) section 712.03(5) provided a MRTA exception because of a continuous use of an easement (whether recorded or unrecorded).

[5] We review *de novo* a trial court's summary judgment. Ibarra v. Ross Dress for Less, Inc., 350 So. 3d 465, 467 (Fla. 3d DCA 2022).

5

instruments, none of which evidenced that Perrin enjoyed an easement interest in the Property that would be subject to a MRTA exception.

Indeed, FDOT established through summary judgment evidence that: (i) the 1912 plat dedicated the Property (as part of the area located outside of the subdivision lots) to the Company stockholders; (ii) the 1917 deed transferring the subject lot to Daniel Stearns restricted his use of the Property, except as allowed by the stockholders; (iii) the 1917 Instrument reiterated the superior role of the stockholders, did not interchange stockholders and lot owners, and clarified that the streets, alleys, parks, and riparian rights were reserved for the common use of stockholders and lot owners as opposed to the public; (iv) the two-stage, 1928 and 1946 conveyance of the Property to the City of Miami eliminated any use of the Property by lot owners; and (v) the 1958 root of title deed to FDOT referred to the original plat that dedicated the Property to the stockholders without also identifying any easement right in lot owners. Thus, FDOT met its initial summary judgment burden of establishing a lack of evidence supporting Perrin's easement claim.

The burden then shifted to Perrin to provide evidence of sufficient weight and quality that "reasonable jurors could find by a preponderance of the evidence that [Perrin] is entitled to a verdict." Rich v. Narog, 366 So. 3d

6

1111, 1118 (Fla. 3d DCA 2022) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). In other words, to withstand FDOT's summary judgment motion, it was incumbent upon Perrin to come forward with sufficient evidentiary material demonstrating that a genuine issue of fact existed regarding her claim that the Property was encumbered by an easement or other interest benefitting her that MRTA did not extinguish. Rich, 366 So. 3d at 1118; see Brownlee v. 22nd Ave. Apartments, LLC, 389 So. 3d 695, 698 (Fla. 3d DCA 2024). Perrin, however, made no evidentiary showing supporting her claim that she, as a subdivision lot owner, enjoyed easement rights, either express or implied, in the Property.[6] Unable to demonstrate the threshold requirement that she enjoyed an interest in the Property not extinguished by MRTA, Perrin's argument that her alleged interest is preserved under a statutory exception to MRTA is unavailing.

### III. Conclusion

Perrin's use of the Property was either by license or trespass. Her summary judgment evidence failed to establish that she enjoyed an interest

---

[6] Since the burden of persuasion at trial was on Perrin, to prevail in her cross-motion for summary judgment, Perrin had the initial burden of demonstrating that there is "no genuine dispute of material fact and [Perrin] is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). Clearly, Perrin did not meet this burden, so we also affirm the trial court's denial of Perrin's cross-summary judgment motion.

in the Property that survived MRTA's extinguishment of any claim or encumbrance on FDOT's title. We agree with the trial court's primary summary judgment determination that, because Perrin enjoyed no easement interest in the Property, no exception to MRTA was applicable to preserve an easement in Perrin's favor.

Affirmed.