943 So.2d 989 (2006)
ASSOCIATION OF FLORIDA COMMUNITY DEVELOPERS and Florida Home Builders Association, Appellants,
v.
DEPARTMENT OF ENVIRONMENTAL PROTECTION, St. Johns River Water Management District, and South Florida Water Management District, Appellees.
No. 1D06-1425.
District Court of Appeal of Florida, First District.
December 12, 2006.
*990 Susan L. Stephens, Miguel Collazo, III, Victoria L. Weber and Frank E. Matthews of Hopping Green & Sams, P.A., Tallahassee, for Appellant Association of Florida Community Developers.
Edwin A. Steinmeyer of Lewis, Longman & Walker, P.A., Tallahassee; Stephen Walker of Lewis, Longman & Walker, P.A., West Palm Beach; Keith Hetrick, Tallahassee, for Appellant Florida Home Builders Association.
Gregory M. Munson, General Counsel, Robert G. Gough, Senior Assistant General Counsel, Betsy Hewitt, Deputy General Counsel, and Christine E. Lamia, Florida Department of Environmental Protection, Tallahassee, for Appellee Department of Environmental Protection.
Thomas I. Mayton, Jr., Senior Assistant General Counsel, St. Johns River Water Management District, Palatka, for Appellee St. Johns River Water Management District.
Cecile I. Piverotto, Senior Specialist Attorney, South Florida Water Management District, West Palm Beach; Mary F. Smallwood of Ruden McClosky Smith Schuster & Russell, P.A., Tallahassee, for Appellee South Florida Water Management District.
William E. Williams and J. Kendrick Tucker of Huey, Guilday, Tucker, Schwartz & Williams, P.A., Tallahassee; and E. Thom Rumberger of Rumberger, Kirk & Caldwell, P.A., Tallahassee, for Intervenors Florida Audubon Society, Inc., National Audubon Society, The Everglades Foundation, Inc., and Conservancy of Southwest Florida, Inc.
Scott Boyd, Executive Director and General Counsel, Joint Administrative Procedures Committee, Tallahassee.
THOMAS, J.
This is an appeal from a final order of the administrative law judge (ALJ) finding *991 two proposed rules, promulgated by the Department of Environmental Protection (DEP), valid. We affirm, but write only to discuss why the proposed rule is not an invalid exercise of delegated legislative authority under section 120.52(8)(c), Florida Statutes (2005).
Proposed rule 60-40.474[1] provides:
62-40.474 Reservations.
(1) The governing board or the department, by rule, may reserve water from use by permit applicants, pursuant to section 373.223(4), F.S., in such locations and quantities, and for such seasons of the year, as in its judgment may be required for the protection of fish and wildlife or the public health and safety. Such reservations shall be subject to periodic review at least every five years, and revised if necessary in light of changed conditions. However, all presently existing legal uses of water shall be protected so long as such use is not contrary to the public interest.
(a) Reservations may be used for the protection of fish and wildlife to:
1. Aid in a recovery or prevention strategy for a water resource with an established minimum flow or level;
2. Aid in the restoration of natural systems which provide fish and wildlife habitat;
3. Protect flows or levels that support fish and wildlife before harm occurs;
4. Protect fish and wildlife within an Outstanding Florida Water, an Aquatic Preserve, a state park, or other publicly owned conservation land with significant ecological value; or
5. Prevent withdrawals in any other circumstance required to protect fish and wildlife.
(b) Reservations may be used for the protection of public health and safety to:
1. Prevent sinkhole formation;
2. Prevent or decrease saltwater intrusion;
3. Prevent the movement or withdrawal of groundwater pollutants; or
4. Prevent withdrawals in any other circumstance required to protect public health and safety.
(2) Reservations shall, to the extent practical, clearly describe the location, quantity, timing, and distribution of the water reserved.
(3) Reservations can be adopted prospectively for water quantities anticipated to be made available. When water is reserved prospectively, the reservation rule shall state when the quantities are anticipated to become available and how the reserved quantities will be adjusted if the actual water made available is different than the quantity anticipated.
(4) The District shall conduct an independent scientific peer review of all scientific or technical data, methodologies, and models, including all scientific and technical assumptions employed in each model, used to establish a reservation if the District determines such a review is needed. As part of its determination of the necessity of conducting a peer review, the District shall consider whether a substantially affected person has requested such a review.
After an evidentiary hearing, the ALJ found that Appellants met their burden of going forward with evidence and argument to support a rule challenge to section (1)(a) of the proposed rule, which pertains to the protection of fish and wildlife, and to section (3), which pertains to the prospective adoption of water reservations. The ALJ *992 then concluded that neither section constitutes an invalid exercise of delegated legislative authority under section 120.52(8)(c), Florida Statutes (2005).
Our review of the ALJ's determination on the validity of the proposed rule is subject to the de novo standard of review. State Bd. of Trustees of the Internal Improvement Trust Fund v. Day Cruise Ass'n, Inc., 794 So.2d 696, 701 (Fla. 1st DCA 2001) (citing § 120.68(7), Fla. Stat. (1999)).
A rule is an invalid exercise of delegated legislative authority when it enlarges, modifies, or contravenes the specific provision of law implemented. § 120.52(8)(c), Fla. Stat. (2005). "Under section 120.52(8)(c), the test is whether a (proposed) rule gives effect to a `specific law to be implemented,' and whether the (proposed) rule implements or interprets `specific powers and duties.'" Day Cruise, 794 So.2d at 704 (citing § 120.52(8), Fla. Stat. (1999)).
In reviewing whether section (1)(a) of the proposed rule enlarges, modifies, or contravenes the specific provisions of the law implemented, the ALJ concluded that the introductory phrase in proposed rule 62-40.474(1)(a), "Reservations may be used for the protection of fish and wildlife," expresses the purpose of protecting fish and wildlife. The examples following the introductory phrase in section (1)(a)1.-5. also express a purpose, such as the restoration of a natural system. The ALJ concluded, "DEP intends the introductory phrase to limit the use of water reservations in all the examples that follow to the overarching purpose of protection of fish and wildlife. In all circumstances, the water reservation must be required for the protection of fish and wildlife."
The ALJ also concluded that section (3) of the proposed rule, which allows DEP or the governing board of a water management district to reserve water prospectively, can be done only if such reservation is required for the protection of fish and wildlife or the protection of public health and safety. As the ALJ stated, "DEP explained that the purpose of this provision is to assure that when a water development project is implemented for the purpose of providing water for the protection of fish and wildlife or public health and safety, `the water doesn't get allocated to permit applicants before it can be used for its intended purpose.'"
Based on the ALJ's finding that the proposed rule permits DEP or the governing board to reserve water only for the purpose of protecting fish and wildlife or protecting the public health and safety, we find that the proposed rule does not enlarge, modify, or contravene section 373.223(4), Florida Statutes (2005), the specific law implemented, which provides,
The governing board or the department, by regulation, may reserve from use by permit applicants, water in such locations and quantities, and for such seasons of the year, as in its judgment may be required for the protection of fish and wildlife or the public health and safety. Such reservations shall be subject to periodic review and revision in the light of changed conditions. However, all presently existing legal uses of water shall be protected so long as such use is not contrary to the public interest.
§ 373.223(4), Fla. Stat. (2005). Section 373.223(4) provides DEP with a broad grant of authority to reserve water in order to protect fish and wildlife or to protect the public health and safety. We find that this broad grant of authority adequately covers the examples contained in the proposed rule. Accordingly, we affirm *993 the ALJ's final order finding the proposed rule valid.
AFFIRMED.
WOLF and LEWIS, JJ., concur.
NOTES
[1] Appellants also challenge proposed rule 62-40.410(3). Because proposed rule 62-40.410(3) simply references, and is derivative of, proposed rule 62-40.474, it is also valid.