THOMAS, J.,
concurs in part and dissents in part with opinion.
I agree with the majority that the challenged rule is not arbitrary and capricious, because in my view, Florida Administrative Code Rule 64J-2.010 is a valid exercise of delegated legislative authority. Thus, I respectfully disagree with the majority’s view that the rule is “inconsistent with the Department of Health’s grant of rulemaking authority” and is therefore invalid under section 120.52(8), Florida Statutes.
Rule 64J-2.010 includes the precise language of the controlling statute, section 395.402(4)(a) & (b), Florida Statutes; thus, the rule, by necessity, complies with section 120.52(8)(b) and (c), Florida Statutes. Ass’n of Fla. Cmty. Developers v. Dep’t of Envtl. Prot., 943 So.2d 989 (Fla. 1st DCA 2006). To the extent that other relevant statutory provisions may be reasonably interpreted to allow a different course of action regarding trauma care policies, both the final order which invalidates the rule, and the majority opinion, fail to properly defer to the Department’s interpretation of the trauma care statute, which is entitled to great deference. Level 3 Commc’ns, LLC v. Jacobs, 841 So.2d 447, 450 (Fla.2003).
Regarding the proper review of the Department’s interpretation of the trauma care statutes, we stated in Florida Hospi *1021 tal v. Agency for Health Care Administration:
The standard of review of an agency decision based on an issue of law is whether the agency erroneously interpreted the law and, if so, whether a correct interpretation compels a particular action. In that the Legislature delegated to [the agency] the power to enforce [the statute], we note that we are required to be highly deferential to the agency’s interpretation of such statute. As the supreme court recently affirmed ..., an ‘agency’s interpretation of the statute it is charged with enforcing is entitled to great deference.’ ”
823 So.2d 844, 847 (Fla. 1st DCA 2002) (citations omitted; emphasis added). Here, the Department has determined that the statutory authority to conduct a 2005 study of the statewide trauma system did not authorize the Department to amend the rule in conformity with Appellee’s preferences. The Department’s view is based on the reasonable conclusion that the Legislature has not acted on the study or directed the Department to take further action since 2005.
The proper deferential standard of review of the Department’s statutory interpretation of the trauma care statutes is particularly important here, as the decision finding Rule 64J-2.010 invalid could result in the delay of Appellants’[1] effort to establish new trauma care centers in Clay and Pasco Counties.
As Appellants noted, the Department has determined, based on its reasonable statutory interpretations and data assessments contained in the 2005 study, that new trauma centers are needed to ensure prompt trauma care. In Florida, only 37-38% of trauma victims currently receive prompt trauma care, which is far below the 65% national average and goal. In this regard, the Department’s arguments correctly note that the statute at issue is not a market share protection statute designed to protect established trauma centers from competition with other trauma centers. In addition, as the Department notes, the Legislature has not changed its decision to limit the Department’s authority to license no more than 44 centers, and no other limitation applies.

Statutory Support for the Rule and the Agency’s Action

Section 395.40, Florida Statutes, expresses specific legislative findings and intent, delegating full authority to the Department to implement a statewide trauma system:
395.40 Legislative findings and intent
(1) The Legislature finds that there has been a lack of timely access to trauma care due to the state’s fragmented trauma system. This finding is based on the 1999 Trauma System Report on Timely Access to Trauma Care submitted by the department in response to the request of the Legislature.
(2) The Legislature finds that it is necessary to plan for and to establish an inclusive trauma system to meet the needs of trauma victims....
(3) It is the intent of the Legislature to place primary responsibility for the planning and establishment of a statewide inclusive trauma system with the department. The department shall undertake the implementation of a statewide inclusive trauma system as funding is available.
*1022 [[Image here]]
(6) Furthermore, the Legislature encourages the department to actively foster the provision of trauma care and serve as a catalyst for improvements in the process and outcome of the provision of trauma care in an inclusive trauma system. Among other considerations, the department is required to:
(a) Promote the development of at least one trauma center in every trauma service area.
(b) Promote the development of a trauma agency for each trauma region.
(c) Update the state trauma system plan by February 2005 and at least annually thereafter.
(Emphasis added.) The challenged rule, 64J-2.010, provides in its entirety:
64J-2.010 Apportionment of Trauma Centers within a Trauma Service Area (TSA).
(1) The number and composition of TSAs shall be in accordance with Section 395.402, F.S.
(2) The number of trauma centers in each TSA shall be in accordance with the maximum number set forth in the table below. Each trauma service area shall have at least one Level I or Level II trauma center position.
(3) The number of trauma center positions for each TSA is as follows:
[[Image here]]
(4) The trauma center will be assigned by the department according to Section 395.402(4), F.S.
Adopted Dec. 10, 1992; Transferred from 10D-66.1075; Amended June 9, 2005, Dec. 18, 2006; Transferred from 64E-2.022.
AUTHORITY: 395.405 FS. Law Implemented 395.401, 395.4015, 395.402, 395.405 FS.
(Emphasis supplied; table reformatted.)
The Department’s authority for Rule 64J-2.010 is provided in section 395.402(4)(a), which explicitly provides for the designation of the precise number of *1023 trauma service areas provided in the challenged rule: “Each trauma service area should have at least one ... trauma center. The department shall allocate, by rule, the number of trauma centers needed for each trauma service area.” (Emphasis supplied.)
The statutory authority for Rule 64J-2.010 is further reinforced in section 395.4025(1), which provides:
For purposes of developing a system of trauma centers, the department shall use the 19 trauma service areas established in s. 395.402. Within each service area and based on the state trauma system plan, the local or regional trauma services system plan, and recommendations of the local or regional trauma agency, the department shall establish the approximate number of trauma centers needed to ensure reasonable access to high-quality trauma services. The department shall select those hospitals that are to be recognized as trauma centers.
(Emphasis supplied.)
This is precisely what Rule 64J-2.010 does — it allocates by rule the number of trauma centers permitted in each of the state’s 19 trauma service areas, in proper conformity with legislative will. Although the Legislature did require the Department to utilize its statewide and local planning resources to establish the optimal number of trauma centers, the Legislature delegated that authority to the Department, and it did not command a specific result or approach.
Significantly, the Legislature has never repealed these relevant statutory provisions, thus indicating that it continues to approve of this legislative direction which authorizes Rule 64J-2.010. See Blanton v. City of Pinellas Park, 887 So.2d 1224, 1233 (Fla.2004) (where Legislature retains statutory remedy, such action demonstrates legislative directives “still serve an important public purpose.”). Here, the Legislature has retained statutory provisions that authorize a specific number of trauma service areas, with a maximum number of trauma centers to be allocated within those areas. While the Legislature has also enacted revisions, which are of a more general nature, such revisions cannot be properly interpreted to render more specific statutory provisions retained by the Legislature to be a nullity. The only correct view of these statutory provisions is to interpret the statute in pari materia and to give all provisions due efficacy. To do so requires that we uphold Rule 64J-2.010 as valid, because it can be harmonized with the more general provisions regarding statewide planning of future trauma centers.
Further support for upholding Rule 64J-2.010 is the fact that the Legislature has not expressed its disapproval of it during the eight legislative sessions that have followed the 2004 statutory amendments.
Nor has the Legislature otherwise expressed any opposition to the Department’s continued reliance on the rule and the status quo ante. This eight-year silence within the legislative branch constitutes evidence of its approval of the Department’s decision to retain the rule, until and unless the Legislature directs' otherwise. See Lee County Elec. Co-op., Inc. v. Jacobs, 820 So.2d 297, 305 (Fla.2002) (commonly accepted principle of statutory construction holds that where Legislature exempts one thing in a statute and is silent regarding another, courts should assume the Legislature implicitly intended not to exempt latter). Here, where the Legislature retained its express authorization of 19 trauma service areas in the rule, this court should assume the Legislature intended to continue delegating authority regarding the specific number of trauma ser *1024 vice areas based on “plain language used by the Legislature.” Id. at 305.
The order below and the majority opinion find that because the Legislature, under section 395.4015(1), Florida Statutes, required the Department to change the boundaries of trauma regions to be “coterminous with the boundaries of the regional domestic security task forces established under s. 943.0312,” the rule allocating trauma centers within trauma service areas is invalid. The flaw with this conclusion is that a trauma service area is not a trauma region; thus, the rule’s allocation of trauma centers to trauma service areas cannot be invalid on this basis.
Section 395.402(4)(c), Florida Statutes, authorizes the Department to adopt rules to select a maximum of 44 trauma centers. Most relevant here, as noted above, section 395.4025 specifically requires that to develop a statewide system, “the department shall use the 19 trauma service areas established in s. 395.402.”
Thus, the Legislature distinguishes between the actual location of trauma centers, which must be located within trauma service areas, and the Department’s responsibility to plan and facilitate a statewide trauma care system, which is necessarily dependent on funding and future planning. The challenged rule, however, only addresses the location of trauma centers within trauma service areas, not the regional planning of an integrated statewide system. Thus, the rule should not be declared invalid on the basis that it does not address regional planning. Put another way, the challenged rule is a subset of the statewide trauma system, and it is based on explicit legislative authority; therefore, it cannot be invalid on the assertion that it improperly exercises legislative authority addressing other facets of the State’s trauma system.
Thus, the rule’s lack of reference to regional boundaries cannot be considered fatal, as nothing in the current law prohibits the Department from maintaining the current rule based on a maximum potential of 44 trauma centers to be located within the trauma service areas.
Finally, the majority opinion concludes that the rule is invalid because it somehow does not incorporate a statutory directive to conduct annual reviews of the state trauma system. Such reviews, however, are not directives to modify a rule every year in order to incorporate studies that may or may not be funded by the Legislature. Therefore, I respectfully dissent in part with the majority opinion, as I disagree that Rule 64J-2.010 is an invalid exercise of delegated legislative authority. The rule is valid and based on express statutory authority that has not been unreasonably interpreted by the Department. We should reverse the order finding the rule invalid.

. This Court ordered that this appeal travel with case number 11-5680, in which the Appellants are the parties who have applied for approval from the Department of Health to license trauma centers in Clay and Pasco Counties and have intervened in the rule challenge. By the term "Appellants," I refer to those parties.